[No. 1,063.]

## EX PARTE ANTOINE LORRAINE.

HABEAS CORPUS—FUGITIVE FROM JUSTICE.—To hold a fugitive from justice to await the requisition of the governor of another state, it must affirmatively appear from the complaint filed before the committing magistrate in this state: 1. That a crime has been committed in the other state. 2. That the accused has been charged in that state with the commission of such crime. 3. That he has fled from justice, and is within this state. (1 Comp. L., 2278–2286.)

IDEM—PROPERTY BROUGHT INTO THIS STATE.—To hold a fugitive from justice, upon the ground that the money taken by him, in committing a robbery, was brought into this state, there must be a complaint charging him with this offense substantially in the language of the statute.

HABEAS CORPUS before the Supreme Court.

The facts sufficiently appear in the opinion.

*A. C. Ellis*, for Petitioner.

*H. F. Bartine*, District Attorney of Ormsby County, for State.

By the Court, HAWLEY, J.:

In order to hold a fugitive from justice to await the requisition of the governor of another state, it must affirmatively appear from the complaint filed before the committing magistrate in this state: 1. That a crime has been committed in the other state. 2. That the accused has been charged in that state with the commission of such crime. 3. That he has fled from justice and is within this state.

(Criminal Pr. Act, secs. 651–653; 1 Comp. L., 2278–2286.)

The complaint upon which petitioner was arrested accused him of having committed the crime of robbery in Alpine county, California, on the twenty-eighth of February, 1881. The commitment recites the same facts. Neither the complaint, warrant of arrest, nor commitment avers that he is *charged* with such crime in the state of California. The proceedings in so far as they are based upon the provisions of the criminal practice act relating to fugitives from justice are entirely null and void. (*Matter of Edwin Heyward*, 1 Sandf. 701; *Matter of Leland*, 7 Abb. (N. S.) 64; *Matter of Rutter*, Id. 68; *State* v. *Hufford*, 28 Iowa, 391; *Ex parte White*, 49 Cal. 433.)

It is, however, claimed that petitioner should be held to await the requisition of the governor of the state of California under the provisions of section 67 of the act concerning crimes and punishments (1 Comp. L. 2373), because, as claimed by the prosecution, the money taken by petitioner was by him brought into this state.

It would be necessary, in order to authorize the magistrate to commit petitioner under this provision of the statute, to have a complaint filed setting forth the offense substantially in the language of the statute. Upon this point it is proper for us to state that we have examined the testimony taken before the committing magistrate, and that, in our opinion, it is not sufficient to warrant the detention of the petitioner upon this ground.

The petitioner must be discharged from custody. It is so ordered.