[No. 16860.  Department One.  March 23, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLEN H. SHEARS, *Appellant*.[1]

HABEAS CORPUS (24)—DISCHARGE—BAR.  A discharge on habeas corpus of one extradited and brought to this state upon a complaint before a justice of the peace, on the ground that the complaint was unfounded, that no crime had been committed, and that the extradition was irregular and illegal, is not a bar to a prosecution for the same crime, under an amended information filed by the prosecuting attorney.

INDICTMENT AND INFORMATION (16)—PRELIMINARY PROCEEDINGS.  A preliminary hearing before a justice of the peace, of one charged with a felony, is not necessary to the filing of an information.

EMBEZZLEMENT (5)—DEFENSES—REPARATION.  In a prosecution for larceny by embezzlement by an agent of insurance companies, an offer of reparation by return of the money stolen is no defense, there being no question of defendant's good faith in his dealings.

INDICTMENT AND INFORMATION (72)—DUPLICITY—CONTINUING OFFENSES.  An information charging that an agent of insurance companies at divers times and continuously between January 1, 1917, and September 22, 1918, had custody and control as such agent of $3,500, which he feloniously withheld and appropriated to his own use, does not charge a multiplicity of crimes.

EMBEZZLEMENT (14)—EVIDENCE—ADMISSIBILITY.  In a prosecution of an insurance agent for embezzlement, evidence of transactions on behalf of two companies is admissible where it was alleged that he was agent of the two companies, doing business under the name of Philadelphia Underwriters.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 24, 1920, upon a trial and conviction of larceny.  Affirmed.

*Vince H. Faben* and *F. W. Crary*, for appellant.

*Malcolm Douglas, T. H. Patterson,* and *Chester A. Batchelor*, for respondent.

MITCHELL, J.—The appellant was convicted of grand larceny.  It was charged against him that, in King

[1]Reported in 205 Pac. 417.

county, on December 1, 1917, and at divers times thereafter continuously until September 22, 1918, he being the agent of the Fire Association of Philadelphia and the Insurance Company of North America, corporations of Philadelphia, Pennsylvania, doing business under the name of the Philadelphia Underwriters, did then and there have intrusted to him, and have in his possession, custody and control as such agent, $3,500, the property of his principals, and that he did then and there unlawfully, fraudulently and feloniously withhold and appropriate the same to his own use, with intent to deprive and defraud the owners thereof.

He refused to plead when called upon so to do, and the plea of not guilty was entered for him by direction of the trial court. At the time of his arraignment, and thereafter on several occasions down until the commencement of the trial, the appellant, by special appearances, interposed and insisted upon what he terms special pleas in abatement and to the jurisdiction of the court. The refusal of the court to allow the special pleas has induced the appellant to make three assignments of error, which may be considered together.

Originally the appellant was charged with this same offense by a complaint filed in the justice of the peace court in Seattle. Not being in this state at that time, he was brought here by extradition proceedings. Prior to any preliminary examination by the justice of the peace, and while the appellant was in the custody of the sheriff of King county, he instituted habeas corpus proceedings in the superior court of that county. In his petition therein it was alleged in substance that the complaint upon which the governor of this state issued his requisition was unfounded in fact and law; that no crime had been committed; that the proceedings had been instituted for the collection of a debt; and that

all proceedings before the governor of this state and the governor of the asylum state were irregular, illegal and entirely without jurisdiction. Upon the return made by the sheriff, it was ordered by the court that the exceptions of the petitioner to the return be granted and sustained, and it was "further ordered and adjudged that the writ of habeas corpus be issued and sustained and that the defendant be discharged from custody by virtue of said writ and this decree." With those proceedings, including the judgment, we are in no wise concerned, other than to determine if they are available to the appellant in the present case. It appears that, at the conclusion of the habeas corpus case, the prosecuting attorney filed the information upon which the appellant was brought to trial. It is claimed by the appellant that the judgment in the habeas corpus case is a bar to the present action, and it is also claimed that, as the justice of the peace before whom complaint was first made never held a hearing or gave a trial, therefore the superior court could not entertain jurisdiction.

Section 2109, Rem. Code (P. C. § 9162), provides for the pleas that may be interposed upon arraignment. They are, (1) a plea of guilty; (2) a plea of not guilty; and (3) a plea of former conviction or acquittal. In the case of a plea of acquittal, the statute requires that it designate the court and date of the judgment relied upon. The judgment in the habeas corpus case relied on here was not an acquittal on the merits, but only a discharge from the custody of the sheriff. It was not a discharge from the penalty of the crime and did not operate as an acquittal so as to bar a prosecution and trial on the merits. It shows on its face there was no investigation into the guilt or innocence of the accused. 16 C. J. 255, § 411, and cases cited; 16 C. J. 257, § 423; *In re Milburn,* 9 Peters (U. S.) 704,

9 L. Ed. 280; *Benson v. Palmer,* 31 App. D. C. 561, 17 L. R. A. (N. S.) 1247. The criminal procedure under which he has now been tried and convicted, though for the same crime, is a different procedure and upon different process from that which resulted in his first arrest and subsequent dismissal on habeas corpus. He is charged with having committed a felony, and the rule in this state is that a preliminary hearing before a committing magistrate prior to the filing of an information is neither required nor essential. *State v. McGilvery,* 20 Wash. 240, 55 Pac. 115.

Another assignment is that the court erred in refusing to permit the appellant to show good faith and an attempt to compromise before the commencement of the criminal proceedings. It is necessary to somewhat notice the manner in which he conducted his business for his principals. Policies issued by him were to be made out as follows: Policy, daily report, and his own agent's daily record, at one time, the two latter ones being carbon copies. In scores of cases his copies were false. He reported the fictitious records to the company and failed to report the policies actually issued. Those reported called for small premiums, while those actually issued called for large premiums that were collected by the appellant. Probably the most of the policies issued by him were for short periods of time. Finally, he issued a policy to a mill company that was not reported until after the insured sustained a loss, seventeen days after the policy was issued. A special agent of the Philadelphia Underwriters came to defendant's office about that time and found him missing. The defendant was not seen at his office thereafter. During the investigation that followed, the appellant being absent, it appears that relatives of his stated to the special agent of the insurance companies that they were able and willing to pay as high as

$6,000 to reimburse the company, if such an amount should actually be found due to the companies. Proof of that fact, coupled with the claim that at no time could the parties making the offer get from the special agent a statement of the amount due, constituted, in effect, the offer of proof made by the appellant at the trial, the rejection of which is assigned as error. The offer was as if he had said: "I admit I have taken your money, but my relatives offered to give it back if you would tell them how much I had taken. Of course, you have no record of the policies I have issued, except such as I have reported, and I have not correctly reported the most of them, and some of them not at all." There was no question of good faith in his dealings that was suggested by the offer. Indeed, the record shows that the argument for him in the trial court was that, his relatives having "attempted to effect an adjustment and entered into negotiations for the purpose of making an adjustment, all of the criminal intent which would attach to the original taking of the money was absolutely obliterated." The law is to the contrary. Reparation, or simply the return of property stolen, when one finds his crime has been discovered, is no defense to a prosecution for the larceny. *State v. Craddick*, 61 Wash. 425, 112 Pac. 491.

The refusal of the court to give appellant's requested instructions numbered 1 to 5 has caused an assignment of error. They have received scant attention in the brief and oral argument on behalf of the appellant. They relate mostly to his erroneous theory of the law concerning the offer to compromise, and in other respects are incorrect expositions of the law applicable to the case.

There is no merit in the contention that a multiplicity of crimes is charged in the information. *State v. Boone*, 65 Wash. 331, 118 Pac. 46. Nor is there any

merit in the contention that the rights of the appellant were prejudiced because the proof covered transactions on behalf of two insurance companies. It was alleged and shown that his agency was on behalf of two companies doing business in the name of Philadelphia Underwriters.

The motions to discharge the defendant upon the state's evidence and for a directed verdict were properly denied. There was sufficient evidence under the rule as to the burden of proof in criminal cases to justify the verdict. Also, the motions for a new trial and in arrest of judgment were properly denied, neither being supported by any argument distinct from other views of the case already discussed.

Judgment affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.