IN RE APPLICATION OF CHARLES C. ROBINSON. CHARLES C. ROBINSON, APPELLANT, v. O. L. (BARNEY) DISCOE, APPELLEE.

34 N. W. 2d 887

Filed November 26, 1948. No. 32452.

*Beatty, Clarke & Murphy* and *Earl E. Morgan,* for appellant.

*James G. McIntosh,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Charles C. Robinson filed his petition in the district court for Lincoln County seeking a writ of habeas corpus. From an order denying same, his motion for new trial having been overruled, he appeals.

The only question presented by the appeal is the sufficiency of the petition. As stated in In re Application of Tail, 145 Neb. 268, 16 N. W. 2d 161: "In an application for a writ of habeas corpus if the applicant or petitioner sets forth facts which, if true, would make out a case which would entitle him to his discharge,

then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented."

The petition alleges: "* * * that he is unlawfully deprived of his liberty by O. L. (Barney) Discoe, Sheriff. of Lincoln County, Nebraska, in the County Jail in North Platte, in Lincoln County, Nebraska; that on the 29th day of January, 1948, petitioner was seized by the Chief of Police of North Platte, Nebraska, acting without any lawful warrant for the arrest of petitioner or other lawful authority, and was confined in the City Jail at North Platte, Nebraska, until January 30, 1948, on which day he was delivered to O. L. (Barney) Discoe, Sheriff of Lincoln County, Nebraska, and since said day has been confined in the County Jail of Lincoln County, Nebraska, by said Sheriff, unlawfully, and without any warrant of authority for his arrest or detention; that no person has filed any complaint against petitioner before any judge or other magistrate and that accordingly no fugitive warrant has been issued by any judge or magistrate, authorizing any officer to arrest or detain petitioner in accordance with the Uniform Criminal Extradition Act of the State of Nebraska, but that said officers have purported to act and to arrest and detain petitioner upon the request of one Richard Meissner, and to arrest and detain petitioner with no other authority whatever; that petitioner is unable to produce a copy of the commitment or cause of his detention for the reason that no commitment or warrant exists and that he has not been furnished with a copy of any such warrant or commitment."

The petition then further alleges: "That on the 5th day of February, 1948, the Governor of the State of Oregon filed with the Governor of the State of Nebraska a demand for the extradition of your petitioner as a fugitive from the justice of the State of Oregon, that hearing upon said application for the extradition of your petitioner has been set by the Governor for the

10th day of February, 1948, at 11 o'clock a. m. in the office of the Governor in the Capitol Building in Lincoln, Nebraska. The petitioner is not a fugitive from the justice of the State of Oregon and expects and intends to resist, at the hearing before the Governor, the demand of the State of Oregon for his extradition, and petitioner alleges that the State of Oregon has no ground, right, or authority, to arrest or detain him or to remove him from the State of Nebraska to the State of Oregon or elsewhere; * * *."

If the foregoing allegations are true then the petitioner would be entitled to his release.

Appellee suggests that petitioner is a parole violator of the State of Oregon; that Nebraska has entered into a compact with Oregon under paragraph (6) of the Uniform Act for Out-of-State Parolee Supervision which is section 29-2637, R. S. 1943; and that pursuant to paragraph (3) of the act the duly accredited officers of the State of Oregon may at all times enter the State of Nebraska and there apprehend and retake any person on probation or parole.

Paragraph (3) of section 29-2637, R. S. 1943, provides: "(3) That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party thereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; Provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense,

he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

Whether or not the appellee or officers of the State of Oregon had authority to take and hold the petitioner in custody is not here for our consideration as the petition expressly denies such authority.

If the party to whom the writ is directed claims to hold the petitioner in custody he must set forth the authority by which he does so and then, upon hearing, the legality thereof can be determined. See section 29-2817, R. S. 1943.

We do not hereby determine that petitioner was not being lawfully held but only that, based on the allegations of his petition, he was entitled to a writ of habeas corpus in order that a hearing might be had to determine that question.

The order of the trial court is therefore reversed and the cause remanded with directions that the writ issue.

REVERSED AND REMANDED WITH DIRECTIONS.