30 N.J. Super. 253 (1954)
104 A.2d 65
THOMAS KOKINDA, FRANK NOWICKI, AND GEORGE SMITH, PLAINTIFFS-APPELLANTS,
v.
WILLIAM H. CARTY, WARDEN OF THE NEW JERSEY STATE PRISON, TRENTON, NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted on March 8, 1954.
Decided April 1, 1954.
*254 Before Judges EASTWOOD, JAYNE and CLAPP.
Messrs. Thomas Kokinda, Frank Nowicki and George Smith, pro se.
Mr. Donald G. Collester for respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal from an order discharging a writ of habeas corpus. Each of the three appellants pleaded guilty on May 28, 1947 before the Passaiac County Court of Quarter Sessions to ten charges, nine of them for armed robbery. Sentences were imposed aggregating 28 to 48 years. Within four months, according to the briefs, each received the following additional sentences, the terms of which, however, were to run concurrently with those *255 mentioned: in Essex County, 4 to 7 years; in Hudson County, 3 to 5 years; and in Bergen County, an aggregation of 15 to 25 years.
The issues were limited below to the Passaic County sentences. However, even if appellants were discharged therefrom, they would not be eligible for release from prison, as certain of the sentences imposed in the other counties would still be in effect. Whether there is a remedy under these circumstances, and if so, whether it is through a habeas corpus proceeding (see Jablonowski v. State, 29 N.J. Super. 109 (App. Div. 1953)), or by a motion for relief from judgment (United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954); cf. R.R. 4:62-2) or otherwise, we need not determine, as there is no merit whatever to the substantial questions raised here.
Appellants' first point is that they had not had the benefit of a preliminary examination except with respect to two of the charges. The purposes of such an examination are various and need not be set down here. State v. Kruise, 32 N.J.L. 313, 318 (Sup. Ct. 1867); Orfield, Criminal Procedure from Arrest to Appeal 72 (1947); R.S. 2:186-3; R.R. 3:2-3; 22 C.J.S., Criminal Law, § 331, page 483. Suffice it here to say that the omission of such an examination is not of itself so fundamental an irregularity as to warrant relief in this cause. Clarke v. Huff, 73 App. D.C. 351, 119 F.2d 204 (Ct. App. D.C. 1941); Burall v. Johnston, 146 F.2d 230 (C.C.A. 9 Cir., 1944); Ex parte Snyder, 110 Colo. 35, 129 P.2d 672 (Sup. Ct. 1942); People v. Jones, 408 Ill. 89, 96 N.E.2d 515 (Sup. Ct. 1951); Meadows v. Warden of Maryland Penitentiary, 191 Md. 756, 61 A.2d 561 (Ct. App. 1948); see United States ex rel. Hughes v. Gault, 271 U.S. 142, 149, 46 S.Ct. 459, 70 L.Ed. 875 (Holmes, J. 1925); Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343 (1895); State v. Shears, 119 Wash. 275, 205 P. 417 (Sup. Ct. 1922).
Appellants' second point is that they were never served with indictments. In making this point, they rely upon R.S. 2:188-4, which was in effect at the time of arraignment *256 and which called for the delivery to a person indicted for robbery or certain other crimes, of a copy of the indictment at least two days before the "trial." See R.R. 3:5-1; 22 C.J.S., Criminal Law, § 411, page 633. We need not stop to consider whether the entry of a plea is to be deemed a trial within the meaning of this statute.
There is not the slightest suggestion here that appellants did not know what the charges were to which they pleaded. When they were arraigned, one indictment was read to them in full and the substance of the others was stated. Indeed one of the appellants, at the time asked at least one question in order to satisfy himself as to the location of the crime with which he was then being charged. There was no injustice here of so fundamental a nature as to warrant relief now. Besides, it does not appear that objection as to this matter was taken on the arraignment. Patterson v. State, 48 N.J.L. 381 (Sup. Ct. 1886).
Appellants' third contention is that they did not have sufficient time to prepare their defense. There is nothing to this. A plea of non vult, in effect, is a statement that no defense will be presented. State v. Pometti, 12 N.J. 446 (1953).
Appellants say next that they were deprived of the right to counsel. Counsel was actually engaged on their behalf. However the claim they make now is that their counsel was not advised of the time and place of the arraignment and that the State refused them an opportunity then to telephone him. At the arraignment, the court was advised that appellants' counsel was not present and accordingly it adjourned the matter for a short time to give him an opportunity to get there. A half hour or so later, appellants, who had been waiting in the jury room, came out voluntarily, saying "we might just as well plead non vult anyway."
There is nothing before us to indicate that the acceptance of the pleas of non vult without the assistance of counsel was so unfair or unjust as to render the judgments entered thereon, assailable under the Fourteenth Amendment of the United States Constitution. State v. Cynkowski, 10 N.J. *257 571 (1952). Indeed, appellants' counsel consulted with a representative of the prosecutor's office within about an hour after the pleas had been accepted, and gave it as his opinion that in view of the circumstances of the case and the confessions signed by appellants, there was very little he could do in the matter. He said much the same thing in a letter to the father of one of the appellants written the next day.
Appellants' last point is that some one on behalf of the prosecutor induced them to enter pleas of non vult by making false promises as to the sentences to be imposed. Appellants did not carry the burden of proof as to this matter. They were charged with a series of robberies that had been "terrorizing * * * the neighborhoods," and as to which there had been much publicity. Counsel for appellants confirmed this in the above-mentioned letter to the father of one of the appellants. Because of the circumstances, the prosecutor wanted very heavy sentences to be imposed, and of this the father above referred to had been informed the day before the sentencing. Besides, the prosecutor's case was fortified with confessions which, on the hearing below, one appellant falsely pretended not to remember and as to which another appellant refused to testify. Appellants' testimony below is unconvincing.
Affirmed.