Commonwealth ex rel. Dunn, Appellant, *v.* Ruch.

Argued November 22, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Leonidas A. Allen,* with him *Bullock & Allen,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Samuel Dash* and *Michael von Moschzisker,* First Assistant District Attorneys and *Richardson Dilworth,* District Attorney, for appellee.

OPINION PER CURIAM, January 3, 1955:

In 1949, the relator, John W. Dunn, was convicted in the State of Georgia of two crimes of burglary and was sentenced to imprisonment for a period of six years on each offense, the sentences to be served consecutively. He escaped from prison in August, 1951. In January, 1954, he was arrested in Philadelphia and a warrant for his extradition was issued by the Governor of Pennsylvania upon the requisition of the Governor of Georgia. Relator filed a petition for a writ of habeas corpus alleging that he had been subjected to cruel and barbarous treatment during his confinement in Georgia and would again suffer similar treat-

ment if he were returned there; also that he had been, and would again be, unable while in a Georgia prison to communicate with counsel for the purpose of obtaining legal aid in order to perfect an appeal.

At the hearing relator stipulated that the facts in his case were the same as those in *Commonwealth ex rel. Brown v. Baldi*, 378 Pa. 504, 106 A. 2d 777, but he stressed his averment of inability to communicate with counsel while confined in Georgia. The court held that, even accepting the averments of his petition to be true, the case was governed by the decision of this court in the *Brown* case, which held that it could not be assumed that the prison officials in Georgia would unlawfully prevent a returned fugitive from invoking the aid of the local courts and obtaining the assistance of counsel for such purpose. In view of the decision in that case and the authorities there cited, including *Sweeney, Sheriff v. Woodall*, 344 U.S. 86, the court properly dismissed relator's petition.

The order dismissing the petition for the writ of habeas corpus is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I dissent for the same reasons outlined in my Dissenting Opinion in the case of *Commonwealth ex rel. Brown v. Baldi*, 378 Pa. 504. I believe further that the relator should have been allowed an opportunity to produce the evidence he states was available to show that in Georgia his efforts to obtain legal counsel were frustrated by the prison authorities and that if returned to Georgia those difficulties would recur.