In the Matter of the Application of CHARLES CALVIN ROBINSON For a Writ of Habeas Corpus.

CHARLES CALVIN ROBINSON, Appellant, *v.* W. E. LEYPOLDT, Sheriff of Clark County, Respondent.

No. 4010

March 11, 1958. 322 P.2d 304

*Harry E. Claiborne*, of Las Vegas, for Appellant.

*Harvey Dickerson*, Attorney General, of Carson City, and *George M. Dickerson*, District Attorney of Clark County, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from order of the court below denying appellant discharge from custody under a writ of habeas corpus. The matter is before the court at this time upon the merits of the appeal and also upon the state's motion to dismiss the appeal upon the ground that the issues involved have become moot. Having doubts as to the desirability of independent action upon the motion to dismiss (for reasons hereinafter discussed), we ordered it submitted contemporaneously with the appeal upon its merits.

### ON MOTION TO DISMISS

At the time of issuance of the writ appellant was in the custody of W. E. Leypoldt, sheriff of Clark County, held for extradition to the State of Oregon under executive warrant of the governor of this state. At the conclusion of the hearing had below the judge denied discharge under the writ. Representatives of the State

of Oregon being then present in court the judge ordered the appellant remanded to their custody under the executive warrant. NRS 34.560 provides: "In cases where * * * any other person is entitled to the restraint or custody of such party, the judge may order such party to be committed to the restraint or custody of such person as is by law entitled thereto." The Oregon officials promptly took custody of the appellant and removed him to the State of Oregon. These circumstances, the state contends, have rendered moot the issues of Leypoldt's right to retain the appellant in custody.

Appellant contends that if that issue has become moot it is through improper procedures followed by the trial court; that if this appeal be dismissed we shall have sanctioned the destruction by the judicial department of the right of appeal granted this appellant by statute; NRS 34.380, subsections 3 and 4. The procedure assigned as error is the action of the court below in remanding appellant to the custody of the Oregon officers rather than to Sheriff Leypoldt, whose right to retain custody is the issue involved under the writ.

The motion to dismiss presents many issues of law, not the least vexing being the reconciliation of what may well be inconsistent provisions of the habeas corpus act. If it be true that remand to the Oregon officers instead of to Sheriff Leypoldt has rendered the issues on appeal moot and thus destroyed the effectiveness of the appeal, we are confronted with two alternatives: either holding that the legislative grant of right of appeal has impliedly repealed the section authorizing such change of custody or holding that the legislature in granting right of appeal was not concerned with possible destruction of the right under these circumstances. Our choice of alternatives would necessitate our entry into a field of legislative policy which we are reluctant to enter unless necessary to the disposition of the dispute before us.

In this case it is not necessary. A consideration of the merits of the appeal has convinced us that affirmance is proper. Accordingly, we disregard the suggestion that the appeal has become moot and make no determination

upon that point. We refer to the legislative branch of the government the problems of legislative policy to which we have referred and the consideration of possible statutory inconsistencies. To this end the motion to dismiss is denied.

## On Appeal

Upon two grounds appellant asserts that the court below was in error in denying him discharge from custody under his writ.

First: He contends that he was not a fugitive from justice of the State of Oregon.

In May 1942 appellant was convicted of burglary in Oregon and sentenced to a term of five years in the state prison. In June 1944 he was granted parole under the terms of which he was released to the custody of officers of Lincoln County, Nebraska, for the purpose of standing trial for felony. He was convicted in Nebraska and sentenced to serve 20 months in the state prison. He was released in August 1945. On January 3, 1946, with a balance of his Oregon sentence remaining to be served, the Oregon parole board revoked his parole. The record before us is silent as to the basis for the revocation. We may assume it was for violation of the conditions of the parole. It was for the purpose of requiring him to serve the balance of his sentence that his return to Oregon was sought by the executive warrant here in question.

Appellant contends that in delivering him to Nebraska, Oregon has waived further service of sentence; that since he was compelled to leave Oregon under these circumstances he cannot be regarded as a fugitive from justice of that state. In support of his contention he relies upon In re Whittington, 34 Cal.App. 344, 167 P. 404; People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935; Ex parte Drake, Cal.App., 233 P.2d 931, affirmed 38 Cal.2d 195, 238 P.2d 566.

Authorities are divided upon this proposition. In our view the better rule and the weight of authority today is to the effect that the mode or manner of a person's

departure from the demanding state generally does not affect his status as a fugitive from justice and that the fact that his departure was involuntary or under legal compulsion will not preclude his extradition. U. S. ex rel. Moulthrope v. Matus, 2 Cir., 218 Fed.2d 466; Application of Fedder, 143 Cal. App.2d 103, 299 P.2d 881; Brewer v. Goff, 10 Cir., 138 Fed.2d 710, holding that the Whittington decision is against the weight of authority.[1]

The essential fact remains that having committed an act which the law of Oregon constitutes a crime and having been convicted and sentenced therefor, appellant departed from Oregon jurisdiction and, when sought for enforcement of his penal obligation to that state, was found in another state.

Nor do we feel that Oregon can be said to have waived its right to insist upon service of sentence. Delivery to Nebraska was under parole from Oregon. Under these circumstances appellant continued while in Nebraska and until revocation of parole to serve the Oregon sentence. It was for Oregon to fix the conditions under which its sentence might be served. Oregon's act was not a suspension of sentence or abandonment of the prisoner. The appellant was not prejudiced in any constitutional right by Oregon's action in aid of the administration of justice in a sister state.

Second: Appellant contends that Oregon's right of requisition is barred by res judicata. Following Oregon's revocation of parole in 1946, Oregon on two occasions (prior to the present proceeding) has laid claim to a right to take appellant into custody as a parole violator. On both occasions appellant has secured discharge through habeas corpus.

The first occasion was in Nebraska. Local authorities took appellant into custody at Oregon's request. Appellant sought habeas corpus. The writ was summarily

---

[1]California amendment of Penal Code, sec. 1549 (St. 1937, p. 1583), destroyed the effect of the Whittington case by expressly giving authority to the governor to surrender any person charged with crime in another state, even though such person left the demanding state involuntarily.

denied. On appeal the Nebraska Supreme Court, Application of Robinson, 150 Neb. 443, 34 N.W.2d 887, directed the lower court to issue the writ and proceed to hearing. Oregon failed to press its rights. No hearing was had. Appellant was discharged, without hearing, on Oregon's default.

The second occasion was in Kansas. Appellant had been convicted of a federal offense and sentenced to the federal prison at Leavenworth. Oregon placed a detainer against him with the prison authorities. Appellant through habeas corpus attacked Oregon's right to custody. Oregon withdrew the detainer. No hearing was had.

It cannot be said that appellant's discharges under habeas corpus in these two occasions resulted from judicial determinations which now bar Oregon from asserting the right of requisition. Appellant's discharges resulted simply from Oregon's failure to press its rights. Although appellant contends that the failure of a state to assert or press its extradition rights at a given time would result in a waiver of these rights, no authority is cited in support of this contention, and none has come to the attention of the court. Never has any hearing been had upon the merits of appellant's contentions until the hearing before the court below. Never were those rights judicially determined until the present proceeding. Res judicata does not apply. Application of Kimler, 37 Cal.2d 568, 233 P.2d 902; certiorari denied, 342 U.S. 898, 72 S.Ct. 233, 96 L.Ed. 672; Desmond v. Eggers, 9 Cir., 18 Fed.2d 503; State v. Shears, 119 Wash. 275, 205 P. 417.

On Motion to Dismiss: Motion denied.

On Appeal: Affirmed.

BADT, C. J., and MERRILL, J., concur.