GLENN LUCAS, Appellant, v. SHERIFF OF LYON COUNTY, NEVADA, Respondent.

No. 6094

March 4, 1970                                466 P.2d 659

*Martillaro & Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Daniel R. Walsh,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an appeal from an order of the district court denying the petition of Glenn Lucas for a writ of habeas corpus. The petition sought to preclude the extradition of Lucas to the State of Wyoming to stand trial upon the charge of being an accessory before the fact to the murder of one Larry Olinger. Lucas previously had been charged in Nevada with the murder of Olinger, tried upon that charge and acquitted by a jury. The record before us shows that the papers received from the demanding state are in proper form; that the Glenn Lucas therein described is the Glenn Lucas found in Nevada; that he is a fugitive from justice, and has been charged in Wyoming with a substantial crime. Notwithstanding these factors, it is the contention of the petitioner that extradition is not warranted since the crime for which he was tried in Nevada arose out of the same series of events forming the basis of the crime with which he is now charged in Wyoming. By reason of this circumstance, he argues that his Fifth Amendment right not to be twice put in jeopardy from the same offense is violated. We reject this argument and affirm the order entered below.

In line with established law elsewhere we recently ruled that an accused's constitutional right to a speedy trial is an issue to be decided by the courts of the demanding state, and is not to be considered by the asylum state when extradition is

requested. Roberts v. Hocker, 85 Nev. 390, 456 P.2d 425 (1969). We now apply that rule to an accused's right not to twice be put in jeopardy for the same offense. That contention must be presented, if at all, to the courts of the demanding state. People v. Reilly, 240 N.Y.S. 27 (Sp.Ct.App.Div. N.Y. 1930). To hold otherwise would make interstate accommodation of criminal matters in our mobile society difficult of achievement.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.