SHERIFF, CLARK COUNTY, NEVADA, Appellant, v.
EUGENE CHARLES RANDONO, Respondent.

No. 7503

November 20, 1973                    515 P.2d 1267

*Robert List,* Attorney General, and *William E. Isaeff,*
Deputy Attorney General, Carson City, for Appellant.

*Beckley, DeLanoy & Jemison,* and *Richard W. Myers,* of
Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On April 16, 1973, a jury in Orange County, California, found respondent guilty of two felonies. The trial judge scheduled sentencing for May 17, 1973, and permitted respondent to remain free on bail pending imposition of sentence. Respondent failed to appear for sentencing in the California Court, a bench warrant issued and extradition proceedings were commenced.

The Governor of California requested from the Governor of Nevada the extradition of Randono and on July 16, 1973, the Governor of Nevada issued an executive warrant providing for Randono's arrest and surrender to the California authorities. Randono was arrested but was granted a writ of habeas corpus by the district court and was released from custody. The appellant contends the writ was improperly issued. We agree.

In granting habeas the lower court concluded that Randono's constitutional rights might be violated if he were to be extradited inasmuch as he has a "heart condition" and "probable incarceration" after imposition of sentence might be detrimental to his health.

"*Habeas corpus* is the proper process for testing the validity of the arrest and detention by the authorities of the asylum state for extradition purposes. But a petition for a writ for that purpose tests only that detention; *it does not test the validity of the original or the contemplated incarceration in the demanding state. . . .* In essence the rule is that the court may determine whether a crime has been charged in the demanding state, whether the fugitive in custody is the person so charged, and whether the fugitive was in the demanding state at the time the alleged crime was committed." Johnson v. Matthews, 182 F.2d 677, 679 (D.C.Cir. 1950). [Emphasis added.] See Compton v. Alabama, 214 U.S. 1 (1909).

A court in the asylum state cannot hear and determine the guilt or innocence of the accused as to the crime of which he is

charged or the constitutional validity of phases of the antici-
pated penal action by the demanding state.

Here the rationale of the district court is that Randono
might not get fair treatment in the California court. Anticipated
ill treatment in the demanding state is not within the contem-
plation of NRS 179.197 which provides that after the issuance
of the executive warrant the legality of the arrest may be chal-
lenged by habeas. No authority has been cited, ·nor have we
found any, that would authorize a trial judge to anticipate a
potential violation of the constitutional rights of an accused if
he is extradited to the demanding state. To the contrary, habeas
has been denied where there has been a fear of lynching (Com-
monwealth v. Baldi, 70 A.2d 439 (Pa. Super. 1950)); fear of
a cruel and barbarous punishment and treatment (Common-
wealth v. Ruch, 110 A.2d 240 (Pa. 1955)); and fear of racial
prejudice (People v. Warden of City Prison, 63 N.Y.S.2d 620
(Sup.Ct. N.Y. Co. 1946)). See also, Johnson v. Matthews,
*supra;* Ex Parte Dukes, 97 A.2d 507 (N.J. Super. 1953), cert.
den. 347 U.S. 914 (1954); Ex Parte Marshall, 85 F.Supp. 771
(D.C.N.J. 1949); United States ex rel. Faris v. McClain, 42
F.Supp. 429 (D.C.Pa. 1942). Likewise, the question of the
sanity of an accused is not to be decided in a habeas proceeding
in an asylum state. See Charlton v. Kelly, 229 U.S. 447 (1913);
Luker v. Koch, 489 P.2d 191 (Colo. 1971). Annot., 114
A.L.R. 693.

Extradition procedures contemplate the prompt return of a
fugitive from justice upon a request from the demanding state.
United States Constitution, Art. IV, Sec. 2.; Uniform Criminal
Extradition Act, NRS 179.177–NRS 179.235. Respondent
makes no showing that relief is unavailable to him in the courts
of California. The contentions which the respondent has made
to the district court should more properly be made in the courts
of California. See Sweeney v. Woodall, 344 U.S. 86 (1952).
Reversed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-
OFF, JJ., concur.