ROBERT C. MARTINEZ, APPELLANT, v. SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 7924

November 18, 1974                         527 P.2d 1200

---

"..."

372

*Charles L. Garner,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On April 19, 1974, a Cook County, Illinois, Grand Jury returned an indictment charging Robert Martinez with murder, aggravated kidnapping, armed robbery and conspiracy.

Martinez was found in Nevada, and the Governor of Nevada, pursuant to a request from the Governor of Illinois, issued an executive warrant providing for the arrest and surrender of Martinez to Illinois authorities.

After Martinez was arrested, he filed habeas corpus proceedings in the district court challenging (1) the efficacy of the Illinois indictment, and (2) the format of the extradition papers. Habeas was denied, and the same contentions are reurged in this appeal.

1. Habeas corpus is the proper process for testing the validity of the arrest and detention by the authorities of the asylum state for extradition purposes; however, the petition for a writ of habeas corpus tests only that detention. In essence the rule is that the court may determine whether a crime has been charged, and whether the fugitive was in the demanding state at the time the alleged crime was committed. Sheriff v. Randono, 89 Nev. 521, 522, 515 P.2d 1267, 1268 (1973). A court in the asylum state cannot look into the efficacy of the indictment in the demanding state.

2. NRS 179.183 requires that the presentation of certain documents of the demanding state "substantially charge" the person demanded with having committed a crime under the law of that state. The purpose of the documents required by the statute is to establish probable cause for believing that the offenses were committed in the demanding state by the accused. Legal technicalities are disregarded. Sheriff v. Thompson, 85 Nev. 211, 452 P.2d 911 (1969). Here the requisition papers were unquestionably sufficient to meet these requirements.

Extradition procedures contemplate the prompt return of a fugitive from justice upon a request from the demanding state. United States Constitution, Art. IV, Sec. 2.; Uniform Criminal Extradition Act, NRS 179.177–NRS 179.235.

Affirmed. Remittitur shall issue forthwith.