PAUL DAVID CASTRIOTTA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 26057

January 25, 1995                                          888 P.2d 927

*Kirk T. Kennedy,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Frank J. Coumou,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Paul David Castriotta ("Paul") was arrested in Florida as a fugitive from justice based on outstanding warrants in Arizona. After Arizona demanded that Florida extradite Paul, he filed a petition for a writ of habeas corpus arguing that Arizona's requisitioning documents, on their face, were not in order and that he was not a fugitive from justice. The Florida court agreed and released Paul.

Paul was subsequently arrested in Las Vegas on June 16, 1994, based on the same Arizona warrants. The State of Arizona demanded that Nevada extradite Paul. Governor Miller issued an executive warrant commanding the Nevada authorities to detain Paul so that he could be extradited. Paul filed a petition for a writ of habeas corpus contesting extradition to Arizona. The district court denied Paul's petition. Paul appeals, arguing that (1) the principle of res judicata mandates that Florida's judgment is binding as to the conclusion that Paul is not a fugitive from justice, (2) Nevada and Arizona acted in bad faith, and (3) Arizona convicted Paul in absentia.

We conclude that an extradition proceeding is not res judicata as to subsequent proceedings. *See* Stone v. State, 85 Nev. 60, 450 P.2d 136 (1969); In re Russell, 524 P.2d 1295 (Cal. 1974).

We also conclude that neither Nevada nor Arizona acted in bad faith. Michigan v. Doran, 439 U.S. 282 (1978), states,

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Id.* at 289.

The district court did not exceed the scope of its authority as outlined in *Doran.* Paul argues that the district court did not allow evidence of "fugitivity."[1] The district court, however, viewed ample evidence to determine that Paul was a fugitive from justice as defined in Ex parte Lorraine, 16 Nev. 63 (1881).[2] Paul's other arguments as to the bad faith of Nevada and Arizona have been considered and are without merit.

Finally, we conclude that whether Paul was convicted in absentia cannot be resolved during extradition proceedings. In Sheriff v. Randono, 89 Nev. 521, 515 P.2d 1267 (1973), this court held that an asylum state simply cannot determine whether there is a potential violation of petitioner's constitutional rights if he is extradited. *Id.* at 523, 515 P.2d at 1268; *see* Lucas v. Sheriff, 86 Nev. 159, 466 P.2d 659 (1970) (a petitioner's claim that extradition would violate the right not to be put in jeopardy twice for the same offenses is an issue to be decided by the courts of the demanding state); Martinez v. Sheriff, 90 Nev. 371, 373, 527 P.2d 1200, 1200-01 (1974) (a court in the asylum state cannot look into the efficacy of the indictment in the demanding state). Therefore, we conclude that the contention that Paul has already been convicted in absentia should more properly be raised before the courts of Arizona. *See Randono,* 89 Nev. at 523, 515 P.2d at 1269.

In view of the foregoing, we conclude that Paul's appeal lacks merit. Accordingly, we affirm the order of the district court.

---

[1]Specifically, Paul argues that the district court did not consider two affidavits and a visa showing that he was not in Arizona at the time the alleged crimes were committed. The district court correctly concluded that this evidence should be raised before the courts of Arizona.

[2]In order to determine if a person is a fugitive from justice, the court should find that (1) a crime has been committed in another state, (2) the accused has been charged in that state with the commission of such crime, and (3) the accused fled from the jurisdiction and is within this state. *Ex parte Lorraine,* 16 Nev. at 63. Although *Ex parte Lorraine* was decided under the previous statute, it is clearly in accord with the current statute—NRS 179.181.