ALBERT DAVID GALLEGOS, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 44782

August 2, 2007                                   163 P.3d 456

*Philip J. Kohn*, Public Defender, and *Robert L. Miller*, Deputy Public Defender, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens* and *James Tufteland*, Chief Deputy District Attorneys, Clark County, for Respondent.

Before the Court EN BANC.[1]

## OPINION

By the Court, GIBBONS, J.:

Appellant Albert David Gallegos was convicted, pursuant to a jury verdict, of one count of unlawful possession of a firearm in violation of NRS 202.360(1)(b). Gallegos appeals, contending that NRS 202.360(1)(b) is unconstitutionally vague because it fails to define the term "fugitive from justice."[2] We conclude that NRS 202.360(1)(b) is unconstitutionally vague and reverse Gallegos' conviction.

### FACTS

In 2004, the State charged Gallegos with one count of unlawful possession of a firearm after police arrested him at his home in Clark County and found a firearm inside that home. The State based that charge on a 1998 felony warrant issued by a California superior court. The California court issued the warrant when Gallegos failed to appear for sentencing after pleading nolo contendere to seven felony charges, which California had agreed to reduce to gross misdemeanor charges in exchange for Gallegos' plea and good behavior. At his Nevada trial, Gallegos testified that he did not appear for his sentencing hearing because the California supe-

---

[1]THE HONORABLE NANCY M. SAITTA, Justice, voluntarily recused herself from participation in the decision of this matter.

[2]NRS 202.360 provides, in part:

    1. A person shall not own or have in his possession or under his custody or control any firearm if he:

    . . .

    (b) Is a fugitive from justice . . .

    . . . .

    3. As used in this section:

    . . .

    (b) "Firearm" includes any firearm that is loaded or unloaded and operable or inoperable.

rior court told him when he entered his plea that "he'd recommend me not stepping a foot back in California ever again." He further testified that he did not know he needed to return for sentencing because when he reported to the probation office shortly after he entered his plea, as directed by the California superior court, that office had no record of Gallegos' charges in its system. Believing that his case had been resolved and that he had satisfied his obligations, Gallegos asked the probation office to contact him if anything changed. He then left California and returned to Las Vegas.

Prior to his Nevada trial, Gallegos filed a motion to dismiss the unlawful possession charge. In that motion, he argued that NRS 202.360(1)(b) is unconstitutionally vague and fails to provide sufficient notice that he cannot possess a firearm because it does not define the term "fugitive from justice." The district court denied the motion. The district court later conducted a two-day trial during which the district court instructed the jury that "[a] fugitive from justice is any person who has fled from any state to avoid prosecution for a crime." The district court, at the urging of the prosecutor, derived that instruction from the federal definition of "fugitive from justice" found in 18 U.S.C. § 921(a)(15).[3] At the end of the evidentiary portion of his trial, Gallegos renewed his motion to dismiss the charge on constitutional grounds. The district court again denied the motion. Relying on the instruction it had been given, the jury found that Gallegos was a "fugitive from justice" and was guilty of unlawfully possessing a firearm in violation of NRS 202.360(1)(b). The district court sentenced Gallegos to a prison term of 1 to 6 years, suspended execution of the sentence, and placed him on probation with conditions for an indeterminate period of time not to exceed 3 years. This appeal followed.

## DISCUSSION

Gallegos argues that NRS 202.360(1)(b) is unconstitutionally vague because it fails to provide adequate notice of what conduct it prohibits. He further argues that the statute's vagueness encourages, or at least fails to prevent, its arbitrary and discriminatory enforcement. We agree.

A statute's constitutionality is a question of law, which this court reviews de novo.[4] This court presumes that statutes are valid,

---

[3]18 U.S.C. § 921(a)(15) provides that "[t]he term 'fugitive from justice' means any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding."

[4]*Silvar v. Dist. Ct.*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006).

and a person challenging a statute's validity bears the burden of overcoming that presumption by showing its unconstitutionality.[5] "In order to meet that burden, the challenger must make a clear showing of invalidity."[6]

■■■■■■■■

"[T]he Due Process Clause of the Fourteenth Amendment prohibits the states from holding an individual 'criminally responsible for conduct which he could not reasonably understand to be proscribed.' "[7] "A statute is unconstitutionally vague and subject to facial attack if it (1) fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct is prohibited and (2) lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement."[8] We conclude that Gallegos has met his burden by clearly showing that NRS 202.360(1)(b) is unconstitutionally vague because it (1) fails to give notice of what conduct it prohibits and (2) lacks the specific standards needed to avoid arbitrary and discriminatory enforcement.

### NRS 202.360(1)(b) gives insufficient notice

■■■■■■■

The focus of the first prong of the vagueness test is to protect "those who may be subject to potentially vague statutes"[9] and to "guarantee that every citizen shall receive fair notice of conduct that is forbidden."[10] The notice required under the first prong "offers citizens the opportunity to conform their . . . conduct to that law."[11] Where First Amendment concerns are not implicated, the notice to citizens that a statute provides is insufficient if the "statute is so imprecise, and vagueness so permeates its text, that persons of ordinary intelligence cannot understand what conduct is prohibited."[12] While absolute precision in drafting statutes is not necessary, the Legislature "must, at a minimum, delineate the boundaries of unlawful conduct."[13] Additionally, where the Legis-

---

[5]*Id.*

[6]*Id.*

[7]*Sheriff v. Martin*, 99 Nev. 336, 339, 662 P.2d 634, 636 (1983) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)).

[8]*Silvar*, 122 Nev. at 293, 129 P.3d at 685.

[9]*Id.*

[10]*City of Las Vegas v. Dist. Ct.*, 118 Nev. 859, 864, 59 P.3d 477, 481 (2002).

[11]*Silvar v. Dist. Ct.*, 122 Nev. 289, 293, 129 P.3d 682, 685 (2006).

[12]*City of Las Vegas*, 118 Nev. at 863, 59 P.3d at 480.

[13]*Id.* at 864, 59 P.3d at 481.

lature does not define each term it uses in a statute, the statute will survive a constitutional challenge "if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision."[14] Furthermore, when a Nevada statute is modeled after a federal statute, "[i]t must be presumed that the exclusion of [a] provision in the Nevada statute [is] deliberate and [is] intended to provide a different result from that achieved under the federal . . . statute."[15]

We conclude that NRS 202.360(1)(b) does not survive the first prong of the vagueness test because the Legislature did not define the term "fugitive from justice." NRS 202.360(1)(b) simply states, in pertinent part, that "[a] person shall not own or have in his possession or under his custody or control any firearm if he . . . [i]s a fugitive from justice." Legislative history indicates that the Legislature enacted NRS 202.360(1)(b) intending to mirror federal law.[16] Although it is not specific, it appears from our review of the legislative history that 18 U.S.C. § 922 is the federal statute after which Nevada's statute is patterned. Congress defined the term "fugitive from justice" in 18 U.S.C. § 921(a)(15).

Unlike Congress, the Nevada Legislature has not defined "fugitive from justice." By failing to adopt the federal definition of "fugitive from justice" or include any definition of that phrase in NRS 202.360(1)(b), the Legislature failed to provide the public with statutory notice of what that term means.[17] It could arguably encompass a wide variety of circumstances. NRS 202.360(1)(b) does not state whether the underlying act that triggers its application has to be a felony, a misdemeanor, or a mere violation of a municipal ordinance. As NRS 202.360(1)(b) is written, citizens have to guess as to whether even an unpaid parking or traffic ticket subjects them to the ambit of the statute.

We also find the procedural requirements that bring a person within the scope of NRS 202.360(1)(b) to be cloudy. We cannot determine from the statute's provisions whether the person has to have been formally charged with a crime, be wanted as a suspect but not yet indicted, be guilty of a crime but not yet discovered, be wanted for general questioning relating to a crime, or whether the person even has to know he has committed a crime. Because it fails to answer these questions, NRS 202.360(1)(b) causes ordinary cit-

---

[14]*Woofter v. O'Donnell*, 91 Nev. 756, 762, 542 P.2d 1396, 1400 (1975).

[15]*Lane v. Allstate Ins. Co.*, 114 Nev. 1176, 1180, 969 P.2d 938, 940 (1998).

[16]*See, e.g.*, Hearing on S.B. 199 Before the Senate Judiciary Comm., 72d Leg. (Nev., March 10, 2003).

[17]Congress enacted its definition of "fugitive from justice" in 1968. 18 U.S.C. § 921(a)(15) (1970). In 2003, the Nevada Legislature amended NRS 202.360 to prohibit a "fugitive from justice" from owning or possessing a firearm. 2003 Nev. Stat., ch. 256, § 7, at 1353.

izens to have to guess at its meaning and fails to give notice of the law so they can conform their conduct to its requirements. The fact that the district court, sua sponte, adopted the 18 U.S.C. § 921(a)(15) definition in this case does not remedy that deficiency.

If the term "fugitive from justice" had an ordinary and well-established meaning, that would mitigate the Legislature's failure to define that term. We have examined several sources, including federal law, our jurisprudence, and nonlegal sources. We conclude, based on our research, that "fugitive from justice" has no well-established and ordinary meaning. For example, in reviewing the extradition clause of Article 4, Section 2 of the United States Constitution, the United States Supreme Court held in *Roberts v. Reilly* that a person does not have to be formally charged to be a "fugitive from justice."[18] The Court held that a person is a fugitive from justice if that person has committed a crime in one state and that state seeks to subject that person to its criminal process but that person has left that state and is found in another state or territory.[19] The Court further held in *Drew v. Thaw* that "it does not matter what motive induced the [person's] departure."[20] As previously indicated, Congress defined "fugitive from justice" as it applies to the federal unlawful possession statute in 18 U.S.C. § 921(a)(15). The definitions found in the statute and in the federal cases differ significantly. Our Legislature made no effort to tie NRS 202.360(1)(b) to either of those definitions.[21] Furthermore, the fact that the Legislature modeled NRS 202.360(1)(b) after a federal statute and excluded from its provisions the definition contained in that federal statute indicates to us that the Legislature intended another meaning—a meaning it failed to define.

Our cases also fail to give a single, well-defined definition for the term "fugitive from justice." For example, in *Ex parte Lorraine*[22] and *Castriotta v. State*,[23] this court concluded that four elements are necessary to qualify a person as a "fugitive from justice." The person must have (1) committed a crime in another state, (2) been charged in that state with the commission of that crime, (3) fled from justice, and (4) been found within this state.[24] However, our definition in *Robinson v. Leypoldt* is inconsistent with *Lorraine* and *Castriotta* because it states that the person must

[18]116 U.S. 80, 97 (1885).

[19]*Id.*

[20]235 U.S. 432, 439 (1914).

[21]For example, the Legislature adopted the federal definition of "controlled substance" in NRS 202.360(3)(a) where it stated that " '[c]ontrolled substance' has the meaning ascribed to it in 21 U.S.C. § 802(6)."

[22]16 Nev. 63, 63 (1881).

[23]111 Nev. 67, 69 n.2, 888 P.2d 927, 929 n.2 (1995).

[24]*Id.*; *Ex parte Lorraine*, 16 Nev. at 63.

have merely "departed" from another state rather than "fled"—the underlying intent differs.[25] Similarly, the common dictionary definition of "fugitive from justice" is broad enough to include anyone who is absent from another state for "any reason," without clarifying whether that person must have intended to flee or whether leaving the state for some other purpose or under some other state of mind is sufficient.[26]

Therefore, we conclude that NRS 202.360(1)(b) fails the first prong of the vagueness test because it gives inadequate notice of who the Legislature intends to prohibit from possessing a firearm.

*NRS 202.360(1)(b) lacks specific standards and thereby allows for its arbitrary and discriminatory enforcement*

Under the second prong of the vagueness test, a statute is unconstitutional if it "lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement."[27] The concern under this prong is the scope of discretion left to law enforcement officials and prosecutors. Our fear is that "absent adequate guidelines, a criminal statute may permit a standardless sweep, which would allow the police, prosecutors, and juries to 'pursue their personal predilections.' "[28]

In *Silvar v. District Court*, this court analyzed and struck down a Clark County ordinance under this second prong because, among other things, law enforcement officers had too much discretion in determining whether the ordinance had been violated.[29] Our concern in that case was that the ordinance gave law enforcement officers too much discretion because it failed to state the ordinance's boundaries and failed to delineate standards to guide law enforcement personnel.[30]

Like the ordinance in *Silvar*, NRS 202.360(1)(b) is susceptible to arbitrary and discriminatory enforcement because it does not specify the circumstances under which a person can be arrested and prosecuted as a fugitive from justice in possession of a firearm. It therefore establishes no clear standards to guide law enforcement officers, prosecutors, district courts, and, ultimately, jurors as to whether a violation has occurred. That was demonstrated in this case by the fact that the prosecutor, defense counsel,

---

[25]74 Nev. 58, 61-62, 322 P.2d 304, 306 (1958) (holding that the "mode or manner of a person's departure from the demanding state generally does not affect his status as a fugitive from justice").

[26]*Webster's Third New International Dictionary* 918 (2002).

[27]*Silvar v. Dist. Ct.*, 122 Nev. 289, 293, 129 P.3d 682, 685 (2006).

[28]*Id.* (quoting *Kolender v. Lawson*, 461 U.S. 352, 358 (1983)).

[29]*Id.* at 295-96, 129 P.3d at 686-87.

[30]*Id.* at 296, 129 P.3d at 687.

and the district court debated over what instruction the district court should give to the jury concerning whether Gallegos was a "fugitive from justice." Without a statutory or well-settled and commonly understood definition of "fugitive from justice" to which Gallegos' actions could be compared, the prosecutor, defense counsel, and district court were left to their own personal predilections to determine whether NRS 202.360(1)(b) could be enforced against Gallegos.

Additionally, we can imagine a wide variety of other situations in which NRS 202.360(1)(b) would be susceptible to arbitrary and discriminatory enforcement. As discussed previously, we are unable to determine from NRS 202.360(1)(b) whether a person who enters Nevada after driving at an excessive rate of speed on an out-of-state highway without receiving a citation is prohibited from carrying a firearm in Nevada. Likewise, we can only guess as to whether a business traveler in Nevada with an out-of-state parking ticket that remains unpaid has violated NRS 202.360(1)(b) if he has a firearm in his possession. If faced with those situations, or a broad spectrum of other situations like them, law enforcement officers and prosecutors would have to use their discretion to determine whether NRS 202.360(1)(b) has been violated. NRS 202.360(1)(b) fails to provide the clear statutory language necessary to bridle that discretion. Without a clear definition of the term "fugitive from justice," NRS 202.360(1)(b) impermissibly encourages, authorizes, or at least fails to prevent its own arbitrary and discriminatory enforcement. Therefore, we conclude that NRS 202.360(1)(b) fails the second prong of the vagueness test.

## CONCLUSION

For the reasons stated above, we conclude that NRS 202.360(1)(b) is unconstitutionally vague and violates the Due Process Clause of the Fourteenth Amendment. Accordingly, we reverse the district court's judgment of conviction.

MAUPIN, C. J., HARDESTY, DOUGLAS and CHERRY, JJ., concur.

PARRAGUIRRE, J., dissenting:

The majority concludes that NRS 202.360(1)(b) is unconstitutionally vague because it fails to define the term "fugitive from justice." I disagree.

Normally, we presume that a statute is constitutionally valid and we require a party contending otherwise to "make a clear showing of invalidity" before striking a statute down.[1] Moreover, when a party argues that a statute is unconstitutionally vague, we demand that he or she demonstrate that (1) the statute "fails to provide notice sufficient to enable persons of ordinary intelligence to under-

[1]*Silvar v. Dist. Ct.*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006).

stand what conduct is prohibited'' and (2) the statute "lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement."[2]

Here, the majority concludes that appellant Albert Gallegos has met his burden of demonstrating that NRS 202.360(1)(b) provides insufficient notice of prohibited conduct and lacks specific standards. By contrast, I conclude that Gallegos has not met this burden.

The term "fugitive from justice" has a well-settled and ordinarily understood meaning.[3] In the past, this court has defined the term "fugitive from justice" as a person who has (1) committed a crime in another state, (2) been charged in that state with the commission of such crime, and (3) fled from justice and is within this state.[4] Our definition fits within the meaning supplied by *Webster's New International Dictionary*, which identifies a "fugitive from justice" as "[o]ne who, having committed, or being accused of, a crime in one jurisdiction, flees to avoid punishment."[5] In light of these compatible, common definitions, Gallegos has failed to meet his burden of demonstrating that the term "fugitive from justice" fails to provide sufficient notice of prohibited conduct.

Because the term "fugitive from justice" has a well-settled meaning in Nevada and does not appear to promote arbitrary and discriminatory enforcement, I dissent from the majority's conclusion that NRS 202.360(1)(b) is unconstitutionally vague.

---

[2]*Id.* at 293, 129 P.3d at 685.

[3]*See Woofter v. O'Donnell*, 91 Nev. 756, 762, 542 P.2d 1396, 1400 (1975) (noting that "[t]he test of granting sufficient warning as to proscribed conduct will be met if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision").

[4]*Ex parte Lorraine*, 16 Nev. 63, 63 (1881); *Castriotta v. State*, 111 Nev. 67, 69 n.2, 888 P.2d 927, 929 n.2 (1995). The fact that one obscure Nevada case concluded, in a different context, "that the mode or manner of a person's departure from the . . . state generally does not affect his status as a fugitive from justice," does not, in my view, so muddy the definition of the term "fugitive from justice" as to render it unconstitutionally vague. *Robinson v. Leypoldt*, 74 Nev. 58, 61-62, 322 P.2d 304, 306 (1958).

[5]*Webster's New International Dictionary* 1016 (2d ed. 1961); *cf. Black's Law Dictionary* 694-95 (8th ed. 2004) (defining a "fugitive" as "[a] criminal suspect or a witness in a criminal case who flees, evades, or escapes arrest, prosecution, imprisonment, service of process, or the giving of testimony, esp. by fleeing the jurisdiction or by hiding;" and noting that in this sense the word "fugitive" may also be termed "fugitive from justice").