**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis AYALA–AYALA, Defendant–Appellant.**

**No. 01–10076.**

**D.C. No. CR 00–00107–DWH.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

## MEMORANDUM **

Luis Ayala–Ayala appeals his 46–month sentence imposed following a guilty plea conviction for illegally reentering the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Ayala–Ayala contends that his Nevada gross misdemeanor battery conviction did not constitute an aggravated felony, and its use to enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A) therefore, was

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**490**

improper. We review de novo, *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1142 (9th Cir.2001), and conclude that this contention in unpersuasive.

An aggravated felony is defined as "a crime of violence ... for which the term of imprisonment is at least one year." *United States v. Jimenez,* 258 F.3d 1120, 1125 (9th Cir.2001); *see also,* U.S.S.G. § 2L1.2, comment. (n.1); 8 U.S.C. § 1101(a)(43)(F). Battery is "... any willful and unlawful use of force or violence upon the person of another" and may result in punishment by imprisonment "for not more than one year ..." *See* NEV. REV. STAT. 200.481(1)(a); NEV. REV. STAT. 193.40.

Because battery, as defined by Nevada law, constitutes a crime of violence, *see* 18 U.S.C. § 16 (defining crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another ..."), and Ayala–Ayala received a one-year term of imprisonment for that offense, *see* 8 U.S.C. § 1101(a)(48)(B) (stating term of imprisonment includes period of incarceration ordered by court regardless of any suspension of sentence), we conclude that the district court correctly determined that Ayala–Ayala's battery conviction qualified as an aggravated felony and properly enhanced his federal sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A). *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1210 (9th Cir.2002) (en banc) (stating relevant question is whether crime meets the definition of an "aggravated felony" under federal sentencing law, without regard to whether the state labels offense misdemeanor or felony).

**AFFIRMED.**

---

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.