MAURICE COLLINS, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 50104

March 5, 2009                                                203 P.3d 90

*Philip J. Kohn*, Public Defender, and *Audrey Mary Conway*, Deputy Public Defender, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we address whether NRS 0.060(2)'s definition of substantial bodily harm as "prolonged physical pain" is unconstitutionally vague. In light of the well-settled and ordinarily understood meaning of the phrase "prolonged physical pain," we conclude that NRS 0.060(2) is not unconstitutionally vague.

### FACTS AND PROCEDURAL HISTORY

After being asked to leave the victim's convenience store, appellant Maurice Collins struck Ahmad Peyghambarav in the face,

knocking him unconscious. While Ahmad was unconscious, Collins rifled through Ahmad's pockets and took his cellular phone.

A short time later, with Ahmad's cell phone in his possession, Collins was apprehended and transported to a detention center. During these events, Collins became extremely irate and threatened multiple public officers with physical violence.

In the meantime, after regaining consciousness, Ahmad experienced an extreme amount of pain in his head and drove to a local hospital for medical attention. Based on a CT scan image, the examining neurosurgeon concluded that Ahmad had suffered a right temple fracture as a result of trauma. Although he seemed alert and coherent, Ahmad was prescribed a one-week course of anticonvulsant medication due to the risk of seizures associated with his closed head injury.

For the next few weeks, Ahmad experienced dizziness and could not bend over without almost losing consciousness. Moreover, for a month and a half following the incident, Ahmad experienced intermittent headaches. However, despite these symptoms, and doctor instructions for ongoing checkups, Ahmad never sought further medical attention regarding his injuries.

Collins was charged with one count of battery with substantial bodily harm, one count of robbery, and three counts of intimidating public officers. Following a two-day trial, Collins was found guilty on all but two counts of intimidating a public officer. After being adjudicated a habitual criminal, Collins was sentenced to two concurrent prison terms of 240 months with parole eligibility after 96 months on the robbery and battery counts to run concurrent with a 12-month jail term on the intimidating a public officer count. This appeal followed.

## DISCUSSION

On appeal, Collins contends that NRS 0.060(2), which defines substantial bodily harm as "prolonged physical pain," is unconstitutionally vague. We disagree and conclude that the phrase "prolonged physical pain" has a well-settled and ordinarily understood meaning and, as a result, is not unconstitutionally vague.

"The constitutionality of a statute is a question of law that we review de novo. Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." *Silvar v. Dist. Ct.*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006).

A statute is deemed to be unconstitutionally vague if it "(1) fails to provide notice sufficient to enable persons of ordinary intelligence to understand what conduct is prohibited and (2) lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement." *Id.* at 293, 129 P.3d at 685.

*Notice of prohibited conduct*

The first prong of the vagueness test is designed to provide notice of conduct that is prohibited under the statute so that ordinary citizens can conform their conduct to comport with the law. *Gallegos v. State*, 123 Nev. 289, 293, 163 P.3d 456, 459 (2007). Notice is insufficient, however, if the "statute is so imprecise, and vagueness so permeates its text, that persons of ordinary intelligence cannot understand what conduct is prohibited." *Id.* (internal quotations omitted). When drafting statutes, the Legislature is not required to exercise absolute precision but, at a minimum, it must draft statutes that delineate the boundaries of prohibited conduct. *Id.* In instances where the Legislature does not define each term it uses in a statute, the statute will not be deemed unconstitutional if the term has a well-settled and ordinarily understood meaning. *Id.*

In this case, Collins argues that NRS 0.060(2)'s definition of "prolonged physical pain" fails to provide notice because it does not delineate any temporal period of how long the pain must last, the severity of the pain, or the frequency with which it occurs, and is so imprecise that an ordinary person has to guess at its meaning. For support, he cites statutes from other jurisdictions that, in his opinion, use more precise language to define serious or substantial bodily harm or injury.[1]

Problematically, in making this argument, Collins ignores the fact that NRS 0.060 provides two alternate definitions of the term

---

[1]*See, e.g.*, Ariz. Rev. Stat. Ann. § 13-105 (2008) (defining "serious physical injury" as "physical injury that creates a risk of death, or that causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb"); Minn. Stat. § 609.02 (2004) (defining "substantial bodily harm" as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member"); Model Penal Code § 210.0 (defining "serious bodily injury" as bodily injury that (1) "creates a substantial risk of death," (2) "causes serious permanent disfigurement," or (3) causes "protracted loss or impairment of the functions of any bodily member or organ").

"substantial bodily harm."[2] The first definition is set forth in NRS 0.060(1) and uses language substantially similar to the language utilized by the Arizona and Minnesota Legislatures, as well as the Model Penal Code, to define "substantial bodily harm." Specifically, NRS 0.060(1) defines "substantial bodily harm" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." It is the second definition of "substantial bodily harm" as "prolonged physical pain" that Collins challenges as unconstitutional. As a result, Collins' state-by-state comparison does not assist us in resolving his claim that the term "prolonged physical pain," as set forth in NRS 0.060(2), is unconstitutionally vague.

In contrast, the State argues that the phrase "prolonged physical pain" has a well-settled and ordinarily understood meaning. Although it acknowledges that pain may very well be subjective, the State argues that there must be something more than mere pain under the statute—it must also be of a physical nature and of sufficient duration. Conceding that there is no precise way to determine the temporal standard for prolonged pain, the State alleges that the plain meaning of "prolonged," at a minimum, rules out any pain or suffering that is of an immediate or short duration. For the reasons set forth below, we agree with the State.

The term "pain" has multiple meanings, "rang[ing] from mild discomfort or dull distress to acute often unbearable agony." *Webster's Third New International Dictionary* 1621 (4th ed. 1976). Therefore, by its very nature, the term "pain" is necessarily subjective and cannot be defined further. *Cf. Matter of Phillip A.*, 400 N.E.2d 358, 359 (N.Y. 1980) ("Pain is, of course, a subjective matter. Thus, touching the skin of a person who has suffered third degree burns will cause exquisite pain, while the forceful striking of a gymnast in the solar plexus may cause him no discomfort at all."). The term "prolonged" means "to lengthen in time[;]" "to extend in duration" or "to lengthen in extent, scope, or range." *Webster's, supra*, at 1815. In NRS 0.060(2), the term "prolonged," a temporal term, modifies "physical pain." Consequently, the phrase "prolonged physical pain" must necessarily encompass some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act.[3] As a result, "prolonged physical

---

[2]The jury was instructed under both definitions of substantial bodily harm, and the prosecutor argued for the battery with substantial bodily harm conviction under *both* definitions. However, on appeal, Collins only challenges the definition of substantial bodily harm under the second definition, NRS 0.060(2).

[3]In a battery, for example, the wrongdoer would not be liable for "prolonged physical pain" for the touching itself. However, the wrongdoer would be liable for any lasting physical pain resulting from the touching.

pain'' under NRS 0.060(2) has a well-settled and ordinarily understood meaning. Accordingly, we conclude that NRS 0.060(2) provides sufficient notice of prohibited conduct.

## Existence of specific standards

Under the second prong of the test, a statute is unconstitutionally vague if it ''lacks specific standards, thereby encouraging, authorizing, or even failing to prevent arbitrary and discriminatory enforcement.'' *Gallegos*, 123 Nev. at 296, 163 P.3d at 460-61 (internal quotations omitted). This prong is designed to prevent ''standardless sweep[s], which would allow the police, prosecutors, and juries to pursue their personal predilections.'' *Id.* (internal quotations omitted). Because the phrase ''prolonged physical pain'' has a well-settled and ordinarily understandable meaning—*i.e.*, there must be at least some physical suffering that lasts longer than the pain immediately resulting from the wrongful act—it is not so lacking in specific standards as to allow arbitrary or discriminatory enforcement. Accordingly, we conclude that NRS 0.060(2) is not unconstitutionally vague.[4]

## CONCLUSION

In this appeal, we conclude that NRS 0.060(2), which defines ''substantial bodily harm'' as ''prolonged physical pain,'' is not unconstitutionally vague. Accordingly, we affirm the judgment of conviction.

HARDESTY, C.J., and DOUGLAS, J., concur.

---

[4]In addition to the constitutional question addressed in this opinion, Collins also alleges that (1) juror bias prevented him from receiving a fair trial, (2) insufficient evidence supported his robbery and battery with substantial bodily harm convictions, (3) his charge of intimidating a public officer should have been severed from his robbery and battery charges, (4) the district court improperly provided the jury with an instruction on flight, (5) his sentence amounted to cruel and unusual punishment, (6) the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in adjudicating him a habitual offender, and (7) the presentence investigation report contained inaccurate and prejudicial information. Having carefully reviewed these contentions, we conclude that none warrant reversal.