**Rigoberto VEGA, a.k.a. Luis Vega, a.k.a. Rigoberto Pacas, a.k.a. Rigoberto Vega–Aguilar, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.\*\***

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

\*\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

(**Vega v. Holder** \*\*\*)

No. 08–6101–ag.

United States Court of Appeals, Second Circuit.

Oct. 14, 2009.

Justin Conlon, Law Offices of Michael Boyle, North Haven, CT, for Petitioner.

Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, (Tony West, Assistant Attorney General; Michelle G. Latour, Assistant Director, on the brief) Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK Circuit Judges, and JED S. RAKOFF, District Judge.\*\*\*\*

**SUMMARY ORDER**

Petitioner Rigoberto Vega ("petitioner" or "Vega"), a native and citizen of Mexico, seeks review of a final order of removal issued by the BIA on November 19, 2008. Petitioner argues that the BIA erred in concluding that petitioner's prior conviction for domestic battery made him eligible for removal because domestic battery is a "crime of violence." 18 U.S.C. § 16(a). Specifically, petitioner argues that the BIA erred in concluding that his conviction for

---

\*\*\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above in the abbreviated caption.

\*\*\*\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

domestic battery in violation of the Carson City Municipal Code § 8.44.020 and the Nevada Revised Statutes §§ 33.018 and 200.485 constitutes a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), thereby making petitioner eligible for removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review *de novo* the BIA's interpretation of state or federal criminal law, but we accord substantial deference to the BIA's interpretation of provisions of the Immigration and Naturalization Act. *See, e.g., Sutherland v. Reno,* 228 F.3d 171, 173–74 (2d Cir.2000).

Under the Immigration and Naturalization Act, an admitted alien may be removed if "convicted of a crime of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(i). The statute further defines a "crime of domestic violence" as "any crime of violence (as defined in section 16 of title 18) against a person committed ... by an individual who is cohabiting with ... the person as a spouse." *Id.*[1] Subsection 16(a) of title 18, relevant here because petitioner was convicted of only a misdemeanor, defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The relevant inquiry, then, is whether the statute under which Vega was

convicted meets this definition of "crime of violence."

■ Vega was convicted of violating the Carson City Municipal Code § 8.44.020 and the Nevada Revised Statutes §§ 33.018 and 200.485. Because § 8.44.020 of the Carson City Municipal Code mirrors the § 200.485 of the Nevada Revised Statutes, we will analyze only the state statute. Under Nev.Rev.Stat. § 33.018, it is a crime of domestic violence to commit a battery upon a person with whom one has a "dating relationship."[2] Nevada law further defines a battery as "any willful and unlawful use of force or violence upon the person of another."[3]

The Nevada statutes that Vega was convicted of violating plainly fall within the definition of a "crime of violence" set forth in 18 U.S.C. § 16(a). Section 16(a) requires that an offense "ha[ve] as an element the use ... of physical force against the person ... of another" to be a crime of violence and the offense for which Vega was convicted defines battery as "any willful and unlawful use of force or violence upon the person of another." We conclude that the Nevada statutes have as an element of the offense the use of force against the person of another and therefore that Vega is eligible for removal.

■ Although Vega argues that § 16(a), but not the Nevada statutes, requires the use of *violent* force, we find his argument unpersuasive. We have previously defined

---

1. Because Vega did not challenge before the Board, and does not challenge here, that his victim was a protected person under 8 U.S.C. § 1227(a)(2)(E)(i), we need only evaluate whether petitioner committed a "crime of violence."

2. This section provides, in relevant part, as follows:

Domestic violence occurs when a person commits one of the following acts against or upon ... a person with whom he has had or is having a dating relationship ...:

(a) A battery.

Nev.Rev.Stat. § 33.018.

3. Petitioner was convicted of a violation of Nev.Rev.Stat. § 200.485, which provides, in relevant part, that "[a]s used in this section ... battery has the meaning ascribed to it in paragraph (a) of subsection 1 of [Nev.Rev. Stat. § ] 200.481." Section 200.481 provides further that " '[b]attery means any willful and unlawful use of force or violence upon the person of another.' "

"force," as used in § 16(a), broadly to mean "power, violence, *or* pressure directed against a person or thing." *Chrzanoski v. Ashcroft*, 327 F.3d 188, 192 (2d Cir.2003) (emphasis added, internal quotation marks and citations omitted). Under our precedent, violence is only one aspect of "force," as used in § 16(a), and thus we conclude that § 16(a) does not require the use of violent force.

## CONCLUSION

For the foregoing reason, the petition for review is **DENIED.**