# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2010

Lyle W. Cayce
Clerk

No. 09-30595

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE ALBERTO HERNANDEZ-CASTILLO,

Defendant - Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-251-1

---

Before BENAVIDES, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Hernandez-Castillo pled guilty to being unlawfully in the United States after having previously been deported. He claims the district court erred by imposing a particular sentencing enhancement and by departing upwardly or varying from the calculated Guidelines range.

We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30595

FACTS

On August 18, 2008, Jorge Alberto Hernandez-Castillo, a native of Honduras, was arrested for public drunkenness in New Orleans, Louisiana. A routine record check revealed that Hernandez-Castillo was in the country illegally after having previously been deported to Honduras in 2005 and again in 2006. Hernandez-Castillo was taken into immigration custody and charged with knowingly and unlawfully being in the United States after deportation in violation of 8 U.S.C. § 1326(a)(2). He pled guilty to the indictment without the benefit of a plea agreement.

In the Presentence Report ("PSR"), the probation officer calculated Hernandez-Castillo's base offense level to be eight. She recommended a two-level reduction for acceptance of responsibility, and a four-level enhancement due to three or more prior convictions for misdemeanor crimes of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(E). This total offense level of ten, plus the criminal history category of VI, resulted in a recommended Guidelines sentence range of twenty-four to thirty months. The probation officer recommended a thirty-month sentence. However, she noted that Hernandez-Castillo's criminal history score substantially under-represented the seriousness of his criminal history, because only nine of his thirty-two misdemeanor convictions were countable towards his criminal history score.[1] Therefore, the probation officer suggested that an upward departure may be warranted.

---

[1]    A majority of Hernandez-Castillo's uncounted convictions fell into one of two categories: (1) misdemeanor convictions for which he served jail time, but where he was either not represented by counsel or it was unclear whether he was represented by counsel; or (2) misdemeanor convictions for crimes such as vagrancy, hitchhiking, and trespassing, which are not counted when calculating a criminal history score.

No. 09-30595

Prior to announcing the sentence, the district court explained that in determining whether an upward departure was warranted, he did not take into account the convictions resulting in imprisonment in which Hernandez-Castillo was not represented or the representation by counsel was unknown. However, the district court explained that it could properly consider the underlying conduct leading to these convictions. Finally, the district court gave the following explanation concerning Hernandez-Castillo's sentence:

> In considering whether an upward departure is appropriate, I have also considered the nature of your prior conduct and the severity of your past conduct. I have considered the fact that there are a number of constitutionally obtained convictions for which you received no criminal history points. You have obviously been unresponsive to prior punishment.
>
> *        *        *
>
> Considering the likelihood of recidivism and all the other factors that underlie this Court's sentencing today, including the need to provide you with adequate anger management skills and drug and alcohol treatment, I have reviewed each of the intermediate base offense levels which follow base offense level 10, which when combined with Criminal History Category VI, has a guideline range of 24 to 30 months. I have determined after incrementally moving to each of the next higher offense levels that an appropriate guideline range is offense level 16, which has a guideline range of 46 to 57 months.
>
> Alternatively, for the reasons I just assigned, if I have committed legal error in determining that an upward departure is appropriate pursuant to Section 4A1.3 of the United States Sentencing Guidelines. I state for the record that having considered the factors set forth in 18 U.S.C. Section 3553(a) and for reasons I assigned, a non-guideline sentence or a variance is appropriate in this case.

No. 09-30595

Accordingly, Hernandez-Castillo was sentenced to a fifty-seven month term of imprisonment.

On appeal, Hernandez-Castillo claims the district court committed two errors warranting reversal. First, he argues the district court committed reversible plain error by applying the Section 2L1.2(b)(1)(E) enhancement because he does not have three qualifying prior misdemeanor convictions for crimes of violence. Second, Hernandez-Castillo argues that the district court erred by departing, or in the alternative, varying from the Guidelines range, on the basis of the conduct underlying the misdemeanor convictions obtained in violation of the Sixth Amendment right to counsel.

## DISCUSSION

Sentences both inside and outside the Guidelines range are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, the court must determine whether the district court committed any significant procedural errors, such as improperly calculating the Guideline range. *Id.* If the sentence is procedurally sound, the court considers the substantive reasonableness of the sentence imposed. *Id.* The district court's application of the Guidelines is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008).

*A.    Application of Section 2L1.2(b)(1)(E) Sentencing Enhancement*

Hernandez-Castillo unlawfully entered the United States after having been deported to Honduras in 2005 and 2006. Therefore, a four-level sentence enhancement could be imposed if he had three or more misdemeanor convictions for crimes of violence. U.S.S.G. § 2L1.2(b)(1)(E). The PSR identified three Nevada misdemeanor convictions as the basis for imposing this enhancement:

No. 09-30595

(1) an August 1999 assault conviction; (2) an October 1999 conviction for threat to life; and (3) an April 2004 battery conviction.

For the first time on appeal, Hernandez-Castillo raises two challenges to the imposition of this enhancement. First, he claims that under Nevada law, battery does not constitute a crime of violence. Therefore, the April 2004 battery conviction is not a proper basis for the enhancement. Second, he argues that the October 1999 threat to life conviction is not a proper basis for the enhancement, because it was obtained in violation of his Sixth Amendment right to counsel. Hernandez-Castillo concedes that plain error review applies, because these alleged errors were not raised in the trial court. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

### *(1)    April 2004 Battery Conviction*

To determine whether a prior offense constitutes a crime of violence, we do not look to the defendant's actual conduct but "consider the offense categorically by looking 'only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Gomez-Gomez*, 547 F.3d 242, 244 (5th Cir. 2008) (en banc) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). We review *de novo* the characterization of a prior offense as a crime of violence. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006).

Nevada law defines "battery" as "any willful and unlawful use of force or violence upon the person of another." Nev. Rev. Stat. § 200.481(1)(a). For a conviction under this statute to constitute a crime of violence, the offense must either (1) be one of several enumerated "offenses under federal, state, or local law," or (2) be "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the

5

person of another." U.S.S.G. § 2L1.2 cmt. 1(B)(iii). In this circuit, the force necessary for an offense to constitute a crime of violence is "synonymous with destructive or violent force." *United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir. 2007) (citation and quotation marks omitted).

In unpublished opinions, other circuits have already held that a Nevada conviction for battery constitutes a crime of violence. *See United States v. Ayala-Ayala*, 46 F. App'x 489, 490 (9th Cir. 2002) (unpublished); *see also Vega v. Holder*, 348 F. App'x 662, 664 (2d Cir. 2009) (holding that a Nevada conviction for domestic violence, which adopts the battery definition in Section 200.481, constitutes a crime of violence) (unpublished).

However, Hernandez-Castillo argues that the Nevada Supreme Court recently noted that mere touching is sufficient force to constitute battery. *See Collins v. State*, 203 P.3d 90 (Nev. 2009). Thus, he claims his April 2004 battery conviction cannot constitute a crime of violence. The issue before the Nevada Supreme Court in *Collins* was whether the state statutory definition of "substantial bodily harm" as "prolonged physical pain" was unconstitutionally vague. *Id.* at 91. The court concluded that "the phrase 'prolonged physical pain' must necessarily encompass some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act." *Id.* at 92-93. Following this statement, the court provided this example: "In a battery, for example, the wrongdoer would not be liable for 'prolonged physical pain' for the touching itself. However, the wrongdoer would be liable for any lasting physical pain resulting from the touching." *Id.* at 93 n.3.

We do not interpret this example as revealing a conclusion by the Nevada court that the offense of battery is committed by mere touching. Furthermore,

No. 09-30595

Hernandez-Castillo has not cited, nor have we found, any case where a defendant was convicted under Section 200.481 for merely touching the victim.

The district court was likely correct that a conviction under Section 200.481 constitutes a crime of violence. However, we would not reverse even if this conclusion were erroneous, because such error would not be plain. Under plain error review, "an error is not 'plain' unless it is 'clear' or 'obvious.'" *United States v. Salazar*, 542 F.3d 139, 147-48 (5th Cir. 2008) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). This court has never addressed this specific issue. The two courts that have done so both held that a conviction under this statute is a crime of violence. The footnote in *Collins* does not make it obvious that a conviction under Section 200.481 is not a crime of violence. Therefore, Hernandez-Castillo has failed to show that it was plainly erroneous for the district court to count this conviction as part of the basis for the sentencing enhancement.

### (2)   October 1999 Threat to Life Conviction

The PSR indicates that Hernandez-Castillo was not represented by counsel when he pleaded *nolo contendere* to the threat to life charge in October 1999, and then received a fifty-two day sentence for this conviction. A conviction violates the right to counsel if it is uncounseled and actually results in imprisonment. *Alabama v. Shelton*, 535 U.S. 654, 661-62 (2002). Such convictions cannot be used to enhance a subsequent sentence. *See Custis v. United States*, 511 U.S. 485, 494-95 (1994). It appears the district court erred in counting this conviction as part of the basis for the sentencing enhancement. However, Hernandez-Castillo cannot prevail under plain error review, because he was not prejudiced by this error.

No. 09-30595

Hernandez-Castillo has Nevada misdemeanor convictions for "battery-domestic violence" in March 1997 and June 2005. Both of these convictions were obtained while Hernandez-Castillo was represented by counsel. Under Nevada law, a person commits the offense of domestic violence by committing battery against a specifically-listed type of person, such as a spouse, former spouse, minor child, etc. *See* Nev. Rev. Stat. § 33.018(1)(a). The definition of battery in the domestic violence statute is the same as the definition provided in Section 200.481. *English v. State*, 9 P.3d 60, 64 (Nev. 2000). Therefore, the district court could have counted either of the battery-domestic violence convictions as part of the basis for imposing the enhancement.

Since there are at least three convictions that could have been considered as the basis for imposing the Section 2L1.2(b)(1)(E) sentencing enhancement, Hernandez-Castillo was not prejudiced by any error. Accordingly, he has not met his burden under plain error review.

*B.    Upward Departure/Variance*

Hernandez-Castillo alleges the district court erred in determining that an upward departure or variance was warranted, because the district court considered the underlying actions on which the constitutionally invalid convictions were based.

A conviction violates a defendant's Sixth Amendment right to counsel if it is uncounseled and results in imprisonment. *Shelton*, 535 U.S. at 661-62. Under Nevada law, the state bears the burden to make an affirmative showing "either that counsel was present or that the right to counsel was validly waived, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings before the record of the prior misdemeanor may be

No. 09-30595

used for enhancement purposes."[2] *Dressler v. State*, 819 P.2d 1288, 1295 (Nev. 1991). It is undisputed that the government cannot meet this burden on fifteen of Hernandez-Castillo's convictions for which he actually received jail time.

At sentencing, the district court explained that it would not consider the unconstitutional convictions themselves when determining whether an upward departure was warranted. However, the district court also explained that pursuant to U.S.S.G. § 4A1.3(a), it could consider the criminal conduct underlying any conviction that was not counted in the criminal history score. Hernandez-Castillo argues that the district court erred by considering the criminal conduct underlying these unconstitutional convictions. We disagree.

A comment in the Guidelines states that "[s]entences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted. . . . Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. § 4A1.2 cmt. 6. In addition, Section 4A1.3(a)(2) lists the types of information that can form the basis for an upward departure. These include prior sentences "not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses)." *Id.* § 4A1.3(a)(2)(A). These Guidelines sections suggest the district court did not err by considering the underlying conduct of the unconstitutionally obtained convictions when determining whether a departure was warranted.

Even when an improper enhancement affects the calculation of the range under the Guidelines, the sentence may still be upheld when the district court

---

[2]    We look to state law to determine which party bears the burden of proof in a collateral attack on a prior state court conviction. *Mallard v. Cain*, 515 F.3d 379, 382 (5th Cir. 2008) (citing *Iowa v. Tovar*, 541 U.S. 77, 92 (2004)).

No. 09-30595

acknowledges the possibility of the error and affirmatively states that the sentence would be the same regardless. *United States v. Bonilla*, 524 F.3d 647, 656-59 (5th Cir. 2008). The district court explained the sentence in terms of the relevant factors, including a demonstrated lack of respect for the law as evidenced by his numerous convictions and the likelihood of recidivism. *See* 18 U.S.C. § 3553(a) factors. Thus, regardless of any error in applying the enhancement, a fifty-seven month sentence as a variance was justified.[3]

AFFIRMED.

---

[3] Hernandez-Castillo does not challenge the substantive reasonableness of the sentence. Therefore, we do not address this issue.