An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD DON BRADY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62415

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary with possession of a firearm or deadly weapon and battery with a deadly weapon causing substantial bodily harm. Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

First, appellant Richard Don Brady contends that his right to due process was violated by the victim's pretrial identification of him as the perpetrator because the circumstances surrounding the show-up were unnecessarily suggestive and the identification was not reliable. In a related argument, Brady claims that the district court erred by rejecting his proposed jury instructions on identification.

Brady did not object below or move to exclude evidence of the victim's show-up identification; generally, such a failure precludes appellate review. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). But even assuming the pretrial identification was suggestive and unreliable, three eyewitnesses present at the scene of the attack identified Brady as the perpetrator and we conclude that he fails to demonstrate plain error entitling him to the reversal of his conviction. *See* NRS 178.602; *Green*, 119 Nev. at 545, 80 P.3d at 95 ("[T]he burden is on the defendant to show actual prejudice or a miscarriage of justice.").

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21452

Additionally, the district court rejected Brady's proposed instructions on identification after finding "that this is covered" in the instructions addressing "the degree of credit due a witness." The district court also found, based on "many of the elements" referenced in the proposed instruction, that there was no evidence presented at trial to justify giving the instruction. The district court pointed out that nothing precluded Brady from arguing that the victim's identification was faulty. Brady did not provide this court with the instructions provided to the jury and we conclude that he fails to demonstrate that the district court abused its discretion by rejecting his proposed instructions on identification. *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009) ("This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion.").

Second, citing to *Crawford v. Washington*, 541 U.S. 36 (2004), Brady contends that the district court violated his right to confrontation by overruling his objection to the victim's "medical evidence" testimony. Brady also claims that the victim's testimony about what he was told by a medical professional regarding his injuries amounted to impermissible double hearsay. The State argued below that the evidence was admissible pursuant to the "medical history exception" to the hearsay rule. *See* NRS 51.115.

Brady did not argue below that his right to confrontation was violated by the victim's testimony. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (holding that an appellant "cannot change [his] theory underlying an assignment of error on appeal"). Moreover, Brady's reliance on *Crawford* on appeal is misplaced because the medical information provided to the victim was not testimonial in nature or

accusatory. *See Crawford*, 541 U.S. at 51-52; *Harkins v. State*, 122 Nev. 974, 987, 143 P.3d 706, 714 (2006) (identifying relevant factors used in determining whether hearsay statement is testimonial). *See generally Flores v. State*, 121 Nev. 706, 718 n.33, 120 P.3d 1170, 1178 n.33 (2005). Further, even assuming that the victim's testimony about what he was told by a medical professional was not admissible pursuant to NRS 51.115, the district court's error was harmless because the victim also testified that he suffered pain for an extended period of time as a result of the attack. *See Collins v. State*, 125 Nev. 60, 64, 203 P.3d 90, 92-93 (2009) (holding that "the phrase 'prolonged physical pain' must necessarily encompass some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act"); *see also Tabish v. State*, 119 Nev. 293, 311, 72 P.3d 584, 595 (2003) ("Harmless error analysis applies to hearsay errors.").

Third, Brady contends that the district court erred by rejecting his proposed jury instruction on self-defense. We disagree. After hearing arguments from counsel, the district court stated that it "heard absolutely no evidence whatsoever of self-defense" during the trial and rejected Brady's proposed instruction. We conclude that the district court did not abuse its discretion. *Ouanbengboune*, 125 Nev. at 774, 220 P.3d at 1129.

Fourth, Brady contends that the district court erred by denying his motion for payment of investigative fees in excess of $500. *See* NRS 7.135. The district court has discretion to authorize expenses related to investigative services. *See Kirksey v. State*, 112 Nev. 980, 1003, 923 P.2d 1102, 1117 (1996). We will not reverse a district court's denial of such a motion if the defendant failed to demonstrate that the additional funds for investigative services were reasonably necessary. *See Gallego v.*

*State*, 117 Nev. 348, 369-70, 23 P.3d 227, 242 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 2774 (2012); *Widdis v. Second Judicial Dist. Court*, 114 Nev. 1224, 1229, 968 P.2d 1165, 1168 (1998). Here, the extent of Brady's argument in his ex parte motion was that "additional witnesses remain to be located and interviewed." On appeal, however, Brady claims that "several witnesses and evidence of the [S]tate could not be tested by a properly trained investigator." As we noted above, an appellant "cannot change [his] theory underlying an assignment of error on appeal." *Ford*, 111 Nev. at 884, 901 P.2d at 130. Moreover, we conclude that Brady fails to demonstrate that the district court abused its discretion by denying his motion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                          Cherry

cc:    Hon. Thomas L. Stockard, District Judge
       Hon. Robert E. Estes, Senior Judge
       Martin G. Crowley
       Churchill County District Attorney/Fallon
       Attorney General/Carson City
       Churchill County Clerk