An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN BRIZZOLARA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64307

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery constituting domestic violence-strangulation, second-degree kidnapping, battery with substantial bodily harm, and coercion. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

First, appellant Bryan Brizzolara contends that the district court abused its discretion by denying his motion to strike the State's notice of expert witness and allowing the expert to testify at trial. Brizzolara argues that the expert's testimony was not relevant, more prejudicial than probative, and in violation of NRS 48.061(2), which states that "[e]xpert testimony concerning the effect of domestic violence may not be offered against a defendant . . . to prove the occurrence of an act which forms the basis of a criminal charge against the defendant." At trial, the witness testified consistently with the State's pretrial notice as an expert on power and control dynamics, victim behavior in domestic violence relationships, and generally the cycle of abuse. The testimony was based upon the expert's extensive work with victims and perpetrators of domestic abuse and was relevant to explain to a layperson why a victim of abuse might maintain contact or remain in a relationship with an abuser,

14-19088

recant a report of abuse, or minimize the abusive behavior. The witness testified that she had never met Brizzolara or the victim, and she was not asked about, nor did she offer, an opinion of the victim's credibility or Brizzolara's guilt. The witness did not testify to matters precluded by NRS 48.061(2) or to prior bad acts, and the testimony was highly probative, and the probative value was not substantially outweighed by unfair prejudice. Furthermore, Brizzolara conceded at trial that the witness was a domestic violence expert. We conclude that the district court did not abuse its discretion by allowing the testimony of the State's expert witness on domestic violence. *See Perez v. State*, 129 Nev. ___, ___, 313 P.3d 862, 866-70 (2013).

Second, Brizzolara contends that the prosecutor engaged in numerous instances of prosecutorial misconduct by asking the victim whether other witnesses were liars. The State argues that it was not asking the victim to comment on the veracity of other witnesses but rather was attempting to demonstrate that the victim either lied to police or was lying on the stand when her trial testimony differed significantly from earlier reports. Brizzolara failed to object to these questions, and we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (stating that reversal is only warranted when "the defendant demonstrates that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice'" (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003))). We have held that a witness may not give his or her opinion as to the veracity of the statement of another. *See DeChant v. State*, 116 Nev. 918, 924, 10 P.3d 108, 112 (2000). However, to the extent that the State asked the victim to comment on the veracity of other witnesses, specifically her father and responding

officers, we conclude that none of the incidents, either considered individually or collectively, amount to plain error because Brizzolara has not shown that these instances prejudiced him or affected his substantial rights. With regard to the one instance where the prosecutor appeared to ask the victim whether a statement by Brizzolara was a lie, we conclude that Brizzolara has failed to establish plain error as the prosecutor voluntarily continued with his questioning without receiving an answer. Accordingly, we conclude that the prosecutor's questioning of the victim did not constitute plain error.

Third, Brizzolara contends that the prosecutor committed prosecutorial misconduct during closing argument by improperly shifting the burden of proof. During closing argument, the State argued that there was not significant testimony about the sliding glass door, that there was a question of whether the door was functional, and that, when considering the facts collectively, the sliding glass door did not matter. Brizzolara claims that, by arguing about the sliding glass door, the prosecutor implied that Brizzolara had an obligation to present evidence that the door was functional.[1] Brizzolara objected to this line of argument, and we review for harmless error. *Valdez v. State*, 124 Nev. at 1190, 196 P.3d at 477. We conclude that the State's arguments did not shift the burden of proof, as the State properly remarked on the state of the evidence as presented to the jury, and therefore did not constitute misconduct. *See*

---

[1]To the extent that Brizzolara argues the prosecutor made statements unsupported by evidence, this claim was not preserved, and we conclude that Brizzolara has failed to demonstrate that the statements about whether the door was functional prejudiced him or affected his substantial rights. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

*Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 415 (2001) ("[T]he prosecutor may comment on a defendant's failure to substantiate a claim.").

Fourth, Brizzolara contends that the district court erred by allowing the jurors to ask questions of the witnesses, as this allowed the jury to take on a prosecutorial role and reduced the State's obligation to prove each element beyond a reasonable doubt. This court has held that the practice of jury-questioning "can significantly enhance the truth-seeking function of the trial process" and that allowing jury-questioning "is a matter committed to the sound discretion of the trial court." *Flores v. State*, 114 Nev. 910, 913, 965 P.2d 901, 902 (1998). Brizzolara does not argue that the district court failed to comply with established safeguards pertaining to juror questions. *See id.* Rather, he claims that the practice of jury-questioning as a whole is error. We disagree and continue to adhere to our reasoning and holding in *Flores.* Therefore, the district court did not err in allowing the jurors to ask questions.

Fifth, Brizzolara contends that the district court abused its discretion by instructing the jury on the definition of "prolonged physical pain" as the phrase has an established meaning that is ordinarily understood. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). This court has previously concluded that "the phrase 'prolonged physical pain' has a well-settled and ordinarily understandable meaning" and that the phrase is not unconstitutionally vague. *Collins v. State*, 125 Nev. 60, 65, 125 P.3d 90, 93 (2009). The instruction given in this case was a near verbatim reproduction of the

definition outlined in *Collins* to demonstrate that the phrase has an established and ordinarily understood meaning. *Id.* at 64-65, 125 P.3d at 92-93. We conclude that, while the definition was unnecessary, the district court did not abuse its discretion by giving the instruction.

Sixth, Brizzolara contends that the district court abused its discretion by instructing the jury that it was inevitable the State would prove his guilt. The instruction stated, in part, that "[t]he defendant is presumed innocent until the contrary is proved," and Brizzolara argues that the word "unless" should have replaced "until." This court has rejected this argument, concluding that the use of the word "until" in a reasonable doubt instruction did not dilute the presumption of innocence, especially when the jury instruction was "read as a whole." *Blake v. State*, 121 Nev. 779, 799, 121 P.3d 567, 580 (2005). We decline Brizzolara's invitation to deviate from this holding and conclude that the district court did not abuse its discretion by giving the instruction. *See Crawford*, 121 Nev. at 748, 121 P.3d at 585.

Seventh, Brizzolara contends that cumulative error requires reversal of his convictions. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002). When assessing a cumulative-error claim, we consider "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). Considering these factors, we conclude that any errors considered cumulatively were not of sufficient consequence to warrant reversal of Brizzolara's convictions.

Having considered Brizzolara's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_Pickering_ , J.
Pickering

_Parraguirre_ , J.
Parraguirre

_Saitta_ , J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk