**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10171 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00094-LDG-VCF-1 |
| v. | |
| DEANDRE SPENCER COTTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted October 9, 2018
Withdrawn from Submission October 18, 2018
Resubmitted September 28, 2020
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge D.W. NELSON

Deandre Cotton appeals the denial of a continuance and a motion to

suppress, as well as his convictions and sentence for being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1) and possession to distribute

marijuana in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Cotton's convictions and sentence.

**1.** The district court did not abuse its discretion in denying Cotton's motion to continue the suppression hearing to secure additional witnesses. An additional continuance would have resulted in inconvenience to the government and the court. Cotton also cannot establish prejudice because defense counsel indicated that he was ready to proceed at the beginning of the hearing, when none of his witnesses were present. *Cf. United States v. Flynt*, 756 F.2d 1352, 1358–61 (9th Cir. 1985) (finding the denial of a continuance prejudicial because the district court had "repeatedly thwarted" defense counsel's efforts).

**2.** Under de novo review, the district court did not err in denying Cotton's motion to suppress. *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). The smell of marijuana emanating from the car provided probable cause to conduct a warrantless search. *See, e.g.*, *United States v. Guzman-Padilla*, 573 F.3d 865, 886 n.5 (9th Cir. 2009).

**3.** At trial, the jury did not plainly err in finding that Cotton, the driver and likely owner of the car and backpack, constructively possessed the marijuana as well as the firearm. The district court properly allowed testimony from Officer Ruzicka, Officer Guillen, and Agent Nestor regarding the packaging of marijuana, as the testimony did not opine on Cotton's mental state. Officers Ruzicka and Guillen gave proper lay opinion testimony that the packaging of the marijuana was

2

consistent with distribution and sales. The jury did not plainly err in finding that, based on the packaging of the marijuana, Cotton had the intent to distribute. Any possible error in allowing the prosecutor's comments in the opening statement and closing argument was harmless. For the reasons discussed above, we do not find any cumulative error at trial.

**4.** On appeal, Cotton challenges whether each of his three prior convictions qualifies as a crime of violence or a controlled substance offense under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2. The government waived any challenges to Nevada Revised Statutes ("NRS") § 453.316 due to failure to brief the issue fully. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc).

Under de novo review, we nonetheless conclude that both remaining offenses—NRS § 200.481 and NRS § 453.337—qualify as predicate U.S.S.G. § 4B1.2 offenses. *See LaChance v. State*, 321 P.3d 919, 925 (Nev. 2014) (explaining that NRS § 200.481's "prolonged physical pain" element "must necessarily encompass some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act" (citations omitted)); *Figueroa-Beltran v. United States*, 467 P.3d 615, 624 (Nev. 2020) (holding that "the identity of a substance is an element that must be proven to sustain a conviction under NRS 453.337"); *United States v. Figueroa-Beltran*, 995 F.3d 724 (9th Cir. 2021). The

3

remaining convictions thus support a U.S.S.G. § 2K2.1(a)(2) enhancement.

**5.** After the hearing, we granted Cotton's unopposed motion for supplemental briefing to address the impact of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that a person prosecuted under 18 U.S.C. § 922(g) must know, at the time of the alleged firearm possession, of his status as a person barred from possessing a firearm. *Id.* at 2194. In Cotton's case, a jury would have to find beyond a reasonable doubt that he knew, at the time of his arrest, that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

We review Cotton's challenge to the indictment, the sufficiency of the evidence, and the jury instructions for plain error. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019); *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015); *United States v. Velasco-Medina*, 305 F.3d 839, 847 (9th Cir. 2002). Reviewing for plain error, we find there was (1) "error" that was (2) "plain." *See Benamor*, 937 F.3d at 1188. The question is whether that error (3) affected Cotton's substantial rights, which means he must "show a reasonable probability that, but for the error," the outcome would have been different, and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citations omitted). We conclude these prongs are not met.

When Cotton was arrested, he had six prior felony convictions. For three of them, Cotton was actually sentenced to at least one year of imprisonment, and certified copies of the convictions were admitted into evidence at trial without objection. Even assuming the prior convictions were insufficient to establish Cotton's knowledge of his status as a felon, trial testimony from Cotton's cousin, Joshua Norgaad, provides further support. Norgaad testified that he knew Cotton for many years and that he was aware of Cotton's history of incarceration, felony status, and inability to lawfully have a gun.  Taken together, Cotton has not shown that the error affected his substantial rights or the fairness, integrity, or public reputation of the trial.

**AFFIRMED.**

FILED

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

D.W. NELSON, Circuit Judge, concurring-in-part, dissenting-in-part:

I agree with the majority that the government waived any challenges to NRS § 453.316. I add that NRS § 453.316 appears to be categorically overbroad with regard to its actus reus requirement because the statute criminalizes "using" a controlled substance, and U.S.S.G. § 4B1.2 does not. *See Villavicencio v. Sessions*, 904 F.3d 658, 666–67 (9th Cir. 2018). I also agree with the majority that the Nevada Supreme Court's decision in *Figueroa-Beltran v. United States*, 467 P.3d 615 (Nev. 2020) holding that NRS § 453.337 is divisible leads us to the conclusion that NRS § 453.337 qualifies as a predicate offense in this case. Although the statute is overbroad, under the modified categorical approach, Cotton was convicted of possessing cocaine for the purpose of sale, which is a federal drug trafficking offense. However, because I do not believe that NRS § 200.481, battery causing substantial bodily harm, qualifies as a crime of violence under either the elements clause or the enumerated offenses clause of U.S.S.G. § 4B1.2, I respectfully dissent.

First, a violation of NRS § 200.481 does not necessarily involve the level of force required by *Johnson v. United States*, 559 U.S. 133, 140 (2010). Nevada's definition of "substantial bodily harm" includes "prolonged physical pain." NRS § 0.060(2); *Collins v. State*, 203 P.3d 90, 92 (Nev. 2009). The Nevada Supreme Court defines "prolonged physical pain" as "some physical suffering or injury that

1

lasts longer than the pain immediately resulting from the wrongful act." *Id.* at 92–93. For example, "touching the skin of a person who has suffered third degree burns will cause exquisite pain, while the forceful striking of a gymnast in the solar plexus may cause him no discomfort at all." *Id.* at 92 (citing *Matter of Philip A.*, 400 N.E.2d 358-59 (Ct. App. 1980)). As "prolonged physical pain" may be caused by only a simple touch (for example, if the victim has third-degree burns), a conviction for battery causing substantial bodily harm can be sustained through "the merest touching." *See Johnson*, 559 U.S. at 139. Nevada battery causing substantial bodily harm may therefore be effectuated by using a level of force that is insufficient under *Johnson*.

Second, NRS § 200.481 does not fall within the generic definition of aggravated assault under the enumerated offenses clause. The mens rea requirement of willfulness in battery causing substantial bodily harm applies specifically to the intent to use force, and not the intent to cause substantial bodily harm. *See Hobbs v. State*, 251 P.3d 177, 179–80 (Nev. 2011); *Robey v. State*, 611 P.2d 209, 210 (Nev. 1980). The statute therefore is not a categorical match for aggravated assault under our circuit's definition. *See United States v. Gomez-Hernandez*, 680 F.3d 1171, 1177 (9th Cir. 2012).

2

Because Cotton does not have the requisite number of predicate offenses for a U.S.S.G. § 2K2.1(a)(2) enhancement, I would affirm his convictions, vacate the sentence, and remand for resentencing.